PEOPLE v. HAMMERSTEIN et al.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

1. CRIMINAL LAW (§ 1024*)—APPEAL—RIGHT OF STATE.

Inferior Criminal Courts Act (Laws of 1910, c. 659) § 31, subd. 4, provides that all consistent sections of the Code of Criminal Procedure regulating the Court of General Sessions in the city of New York shall apply to the Court of Special Sessions. Code Cr. Proc. § 518 provides that an appeal may be taken by the people from a judgment for defendant upon a demurrer to an indictment, or an order arresting judgment. *Held* that, as aside from the provisions of Criminal Code, there was no authority for a defendant to demur to an information filed in the Court of Special Sessions, the state might prosecute an appeal from a judgment of the Court of Special Sessions sustaining a demurrer to a criminal information.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

2. CRIMINAL LAW (§ 1024*)—APPEAL—RIGHT OF STATE.

Inferior Criminal Courts Act (Laws 1910, c. 659), § 40, which specially allows an appeal by the accused from an adverse judgment of the Court of Special Sessions, was originally taken from New York City

---

Charter (Laws 1901, c. 466) § 1414, which, in turn, was taken from Laws 1895, c. 601, and was enacted to give a direct appeal to the Appellate Division in lieu of the appeal allowed by Code Cr. Proc. §§ 742, 747. *Held*, that the extension of the rights of an accused to appeal did not deprive the people of the right to appeal from a judgment of the Court of Special Sessions sustaining a demurrer to a criminal information.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

Laughlin, J., dissenting.

William Hammerstein and others were charged with a misdemeanor. From a judgment sustaining a demurrer to the information, the People appeal. On motion to dismiss appeal. Motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles Goldzier, of New York, for the motion.
Robert C. Taylor, of New York, Asst. Dist. Atty., opposed.

PER CURIAM. [1] The district attorney filed an information before the Court of Special Sessions against these defendants charging them with a violation of section 2152 of the Penal Law (Consol Laws 1909, c. 40), which prohibited performance on Sunday, a violation of which statute was a misdemeanor. The defendants appeared and filed a demurrer to this information; one of the grounds being that the facts set forth in the said information did not constitute a crime. The court sustained this demurrer, and from the judgment entered thereon the district attorney appeals.

The defendants now move to dismiss this appeal upon the ground that a determination of the Court of Special Sessions in favor of the defendants is not appealable. The Inferior Criminal Courts Act (chapter 659 of the Laws of 1910) regulates the proceedings in the Court of Special Sessions. Subdivision 4 of section 31 of that act provides that:

"All sections of the Code of Criminal Procedure consistent with this act regulating and controlling the practice and procedure of the Court of General Sessions of the peace in the city and county of New York shall apply, as far as may be, to the practice and procedure in the Court of Special Sessions, and shall regulate and control the practice and procedure of the said court, in so far as its jurisdiction and organization will permit."

This provision was in substance a re-enactment of section 1410 of the New York Charter, being chapter 466 of the Laws of 1901. The Code of Criminal Procedure regulates and prescribes the procedure in the Court of General Sessions in relation to the finding of an indictment, the pleading of the defendant to such an indictment, the trial under an indictment, the judgment to be entered thereon, execution thereof, and appeals therefrom. Section 517 of the Code provides when an appeal may be taken by the defendant; and section 518 provides that an appeal to the Appellate Division of the Supreme Court may be taken by the people upon a judgment for the defendant on a demurrer to the indictment, and upon an order of the court arresting the judgment. The appeal is taken by the service on the clerk of the court of a notice in writing stating that the appellant appeals from a

judgment (section 522) and, if the appeal is taken by the people, a similar notice must be served on the defendant (section 524). The taking of the appeal is, we think, a part of the "practice and procedure" of the Court of Special Sessions. It is taken by filing a notice with the clerk of the court and serving a copy on the district attorney or the defendant or his attorney, as the case may be. We think, therefore, that section 31 of the Inferior Courts Act authorizes the district attorney to appeal in a case in which the district attorney is authorized to appeal from the Court of General Sessions. There is no express provision allowing a defendant to demur to an information filed by the District Attorney in the Court of Special Sessions. The right to demur depends upon the application of the provision of the Code of Criminal Procedure to proceedings pending in the Court of Special Sessions founded upon an information filed by the district attorney. We think it was the inten-tion of the Legislature to give to both parties to an action pending in the Court of Special Sessions the same privilege, both in relation to the trial and the proceeding subsequent to the judgment as was provided for the parties in a proceeding pending in the Court of General Sessions. If a demurrer is to be allowed to an information filed by the district attorney in the Court of Special Sessions, there seems to be no reason why the district attorney should not be entitled to review such demurrer as he would have if he had proceeded by indictment rather than by the information. This construction of the statute makes the practice in both courts harmonious and, we think, preserves both the rights of the people and the defendant.

[2] We have not overlooked the provisions of section 40 of the inferior courts act which specially allows an appeal by the defendant from a judgment or determination made by the Court of Special Sessions adverse to him. This provision was taken from the charter of the City of New York (section 1414), and, in turn, this provision in the charter was taken from chapter 601 of the Laws of 1895, which created the Court of Special Sessions; and this provision was originally enacted to give a direct appeal to the Appellate Division in lieu of the appeal from the Court of Special Sessions which was theretofore permitted under sections 742 and 749 of the Code of Criminal Procedure. This section allowing an appeal by the defendant from a judgment or determination of the Court of Special Sessions was broader than the appeal allowed a defendant from the Court of General Sessions in a criminal action or proceeding, and by it the Legislature apparently wished to enlarge the right of a defendant to appeal, but confined the right of the district attorney to appeal to those cases in which an appeal was allowed from the Court of General Sessions to the Appellate Division of the Supreme Court.

We think, therefore, that the insertion of this provision allowing an appeal to the defendant does not in any way affect the general application of the provisions of the Code of Criminal Procedure to the proceeding in relation to the Court of Special Sessions, and that this appeal, therefore, was properly taken.

It follows that the motion to dismiss the appeal must be denied.

LAUGHLIN, J., dissenting.