PEOPLE v. HAMMERSTEIN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. CRIMINAL LAW (§ 1024*)—APPEAL—RIGHTS OF STATE.

Under Code Cr. Proc. § 518, the state may appeal from a judgment of the Court of Special Sessions sustaining a demurrer to an information.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

2. SUNDAY (§ 29*)—CRIMINAL PROSECUTION—PERSONS INDICTABLE—THEATER MANAGERS AND PERFORMERS.

Penal Law (Consol. Laws 1909, c. 40) § 2152, entitled "Theatrical and Other Performances on Sunday," forbids the performance of any negro or other dancing, or any performance or exercise of jugglers, on Sunday, and makes every person aiding in such performance, by advertisement, posting, or otherwise, and every owner or lessee of any building who leases or lets it for such performance, guilty of a misdemeanor. Performers at a theater were informed against, jointly with the managers thereof, in that the performers had given a stage exhibition of jugglery on Sunday of a kind forbidden by the Penal Law, and in that the managers, by advertisement and otherwise, aided the performance by permitting the stage to be used therefor, by admitting persons who had paid an admission and directing them to seats, and by distributing programmes containing notices of such jugglery acts. *Held*, on demurrer on the ground that the information charged more than one crime and that the facts did not constitute a crime, that the purpose of the statute was to prohibit theatrical performances on Sunday, and that, if given, the performers and any persons assisting the performance were all principals committing the same crime by violating the provision of the same statute.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 13, 67, 69–72; Dec. Dig. § 29.*]

3. SUNDAY (§ 29*)—CRIMINAL PROSECUTION—SENTENCE.

Penal Law (Consol. Laws 1909, c. 40) § 1937, providing an imprisonment for not more than one year, or a fine not more than $500, or both, by its express terms fixes the punishment for giving theatrical performances on Sunday; Penal Law, § 2152, forbidding such performances, not providing a specific punishment therefor.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 13, 67, 69–72; Dec. Dig. § 29.*]

Appeal from Court of Special Sessions, New York County.

William Hammerstein and others were jointly informed against for unlawfully giving a theatrical performance on Sunday. From an order of the Court of Special Sessions, sustaining a demurrer to the information interposed by all the defendants, the People appeal. Reversed, demurrer overruled, and case remitted to the Special Sessions to proceed according to law.

See, also, 150 App. Div. 212, 134 N. Y. Supp. 730.

The information charged William Hammerstein, George Blumenthal, James Harrigan, and Jean Bedini with unlawfully giving a theatrical performance on Sunday, in that defendants Hammerstein and Blumenthal were the persons in charge and control and the managers of the theater, to which the public was admitted on payment of an admission fee, and that by advertisement and otherwise they aided in stage performances of jugglery and dancing, by causing and permitting the stage to be used therefor and in preparing it for such use, and by causing a ticket taker to admit into the theater

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

persons who had theretofore paid an admission fee, and by ushering them to seats, and by causing its employés to distribute programmes containing notices of such dancing and jugglery, and in that defendant Harrigan gave a stage performance in jugglery of the kind forbidden by Penal Law (Consol. Laws 1909, c. 40) § 2152, and in that defendant Bedini, together with an unknown person, gave a similar performance, and that other unknown persons gave stage performances of negro and other dancing.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert C. Taylor, of New York City, for the People.
Charles Goldzier, of New York City, for respondent Hammerstein.

McLAUGHLIN, J. The defendants were jointly charged with violating section 2152 of the Penal Law (Consol. Laws 1909, c. 40) by unlawfully giving a theatrical performance on Sunday. The information alleged the giving of a theatrical performance on Sunday, November 27, 1910, at the Manhattan Opera House, to which the public was generally invited, and to which divers persons came who had paid admission fees; that the defendants Hammerstein and Blumenthal were in charge, had control of, and were the managers of the theater; that by advertisement and otherwise they aided in the performance by permitting the stage to be prepared and used, and by causing and permitting persons to act as ticket takers, ushers, and to distribute programmes; that the defendants Harrigan and Bedini did a juggling performance of the kind forbidden by section 2152 of the Penal Law; and that other persons unknown, who were not made defendants, did certain dancing.

The defendants demurred to the information, on the ground that it charged more than one crime, and the facts set forth did not constitute a crime. The demurrer was sustained, as appears from the opinion delivered, on the ground that more than one crime was charged in a single count, for which different punishments were provided.

[1] The people appeal; the notice of appeal being served, so far as appears, only upon the defendant Hammerstein. He challenges the right of the people to appeal, and that presents the first question to be determined. That question was settled by this court on a motion to dismiss the appeal (People v. Hammerstein, 150 App. Div. 212, 134 N. Y. Supp. 730), and it was expressly held that, where the district attorney files an information before the Court of Special Sessions, and a demurrer of a defendant to the information is sustained, the people may, under section 518 of the Code of Criminal Procedure, appeal from the judgment thereon.

[2] The defendants, as indicated, were jointly charged with violating section 2152 of the Penal Law. This section is entitled "Theatrical and Other Performances on Sunday," and then follow provisions to the effect that certain acts, including "any performance or exercise of jugglers, acrobats, club performances or rope dancers on the first day of the week is forbidden," and that every person aiding in such exhibition, performance, or exercise, by advertisement, posting, or otherwise, and every owner or lessee of any garden, building, or other room, who leases or lets the same for the purpose of any such exhibi-

tion, performance, or exercise, or who assents to the use of the same for any such purpose, if it be so used, is guilty of a misdemeanor.

The purpose of the statute is obvious. It is to prohibit the giving of a theatrical performance on Sunday. If given, then any person who takes part in such performance in any way comes within its provisions and is guilty of a misdemeanor—the one who performs as well as the one who assists. They are all principals. They are all committing the same crime, by violating the provisions of the same statute, and this the information demurred to charges. It is true the section does not specifically provide what punishment shall be imposed upon one found guilty. It does provide that, in addition to the punishment therefor provided by statute, every person violating the section is subject to a penalty of $500, to be recovered in the city of New York by the Society for the Reformation of Juvenile Delinquents, and in other cities or towns of the state by the overseers of the poor for the use of the poor.

[3] The punishment not being specifically provided for makes section 1937 of the Penal Law applicable.

The order appealed from, therefore, is reversed, the demurrer overruled, and the case remitted to the Special Sessions to proceed according to law. All concur.