PEOPLE v. FIRTH.

(Supreme Court, Appellate Division, Second Department. June 27, 1913.)

1. CRIMINAL LAW (§ 1024*)—APPEAL—RIGHT OF STATE TO APPEAL.
   Under the direct provisions of Code Cr. Proc. § 518, the state may appeal from a judgment sustaining a demurrer to the information.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

2. INDICTMENT AND INFORMATION (§ 59*)—INFORMATION—SUFFICIENCY.
   An information containing averments which would be sufficient in an indictment is good.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 180, 181; Dec. Dig. § 59.*]

3. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY—"PRACTICE" OF DENTISTRY.
   Public Health Law (Consol. Laws 1909, c. 45) § 194, prescribes who may be licensed to practice dentistry, and section 199 declares that every person practicing dentistry shall register in the office of the clerk of the county where his place of business is located, while section 203 makes a violation of these requirements a crime. An information alleged that accused at divers times between January 1, 1910, and November 1, 1911, did unlawfully and knowingly in the county of Kings, not being then and there a dentist licensed to practice as such in this state, and not being then and there registered in the office of the clerk of this county, hold himself out to the public as practicing dentistry, and did unlawfully, willfully, and knowingly practice dentistry. Held that, as "practice" results from a series of acts and indicates the pursuit of the business, the information alleging that accused did on divers times practice dentistry is not bad, but charges only one offense, which is the continuing practice contrary to the statute.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5485–5488.]

Appeal from Court of Special Sessions, New York County.

Alfred G. Firth was charged with illegally practicing dentistry, and from a judgment allowing accused's demurrer to the information the People appeal. Reversed.

See, also, 140 N. Y. Supp. 1136.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Harry G. Anderson, Asst. Dist. Atty., both of New York City, on the brief), for the People.

BURR, J. [1] From a judgment of the Court of Special Sessions allowing a demurrer to an information upon the ground of insufficiency,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the people appeal to this court. Such an appeal lies. Code of Criminal Procedure, § 518; People v. Hammerstein, 150 App. Div. 212, 134 N. Y. Supp. 730; Id., 155 App. Div. 204, 139 N. Y. Supp. 1075. The information charges that defendant at divers times between January 1, 1910, and November 1, 1911, and particularly on specific dates mentioned, at a place within the county of Kings particularly described, "did unlawfully, willfully, and knowingly, not being then and there a dentist licensed to practice as such in this state, and not being then and there registered in the office of the clerk of this county, * * * hold himself out to the public as practicing dentistry, and did unlawfully, willfully, and knowingly practice dentistry." The Public Health Law (Consolidated Laws, c. 45 [Laws of 1909, c. 49], § 194) prescribes who shall be deemed licensed to practice dentistry in this state, and the conditions upon which such licenses may be obtained. It also requires (section 199) that every person practicing dentistry in this state shall register in the office of the clerk of the county where his place of business is located. A violation of these requirements is made a crime. Section 203.

[2] We think that the demurrer was improperly allowed. Statements which, if found in an indictment of a grand jury, would be sufficient, are likewise sufficient for the purposes of an information. People v. Hammerstein, 155 App. Div. 204, 139 N. Y. Supp. 1075; People v. Brown, 153 App. Div. 234, 138 N. Y. Supp. 7.

[3] It is a practice, not an act as distinguished therefrom, with which defendant is charged, and which the statute forbids. Practice results from a series of acts. Fox v. Smith, 197 N. Y. 527, 90 N. E. 1158, reversing 123 App. Div. 369, 108 N. Y. Supp. 181, on dissenting opinion of Clarke, J., in this court; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127; City of Watertown v. Rodenbaugh, 112 App. Div. 723, 98 N. Y. Supp. 885; Payne v. State, 112 Tenn. 588, 79 S. W. 1025; The Apothecaries Co. v. Jones, Law Rep. 1 Q. B. Div. 1893, p. 89. As was said by the Supreme Court of Tennessee in Payne v. State, supra:

Practice "in respect of the subject in connection with which it is used indicates the pursuit of a business."

The specific acts resulting in a practice may or may not be unlawful in themselves. If they are unlawful, the offender may be prosecuted or punished separately therefor. Such was the case in People v. Dudenhausen, 130 App. Div. 760, 115 N. Y. Supp. 374, affirmed 195 N. Y. 554, 88 N. E. 1127. There the statute forbade, not only the practice of medicine under a false or assumed name, but also an act, namely, falsely impersonating another practitioner of a like or different name. The indictment charged the act of false impersonation on a particular occasion with a particular individual, and it was there held to be error to permit evidence of similar acts on other and different occasions. But, when the series of acts is made by the statute a separate and distinct offense, "they need not be specially described, for it is not each or all the acts of themselves, but the practice or habit which produces

the principal evil and constitutes the crime." Commonwealth v. Pray, 13 Pick. (Mass.) 359.

Since the foregoing was written, the learned district attorney, with commendable frankness, has called our attention to a very recent decision of the Supreme Court of Kansas, which, in construing a statute of that state relating to the practice of medicine without registration, held that said statute did not create a continuing offense involving a general course of customary conduct, but penalized each specific act of practice with which defendant was charged. State of Kansas v. Cotner, 87 Kan. 864, 127 Pac. 1, 42 L. R. A. (N. S.) 768. We think that case is clearly distinguishable from the case at bar. In the Cotner Case, the information contained 15 different counts, upon 8 of which defendant was convicted. One charged him with opening an office for the reception and treatment of patients, and advertising himself as qualified under the law to treat the sick and others afflicted with bodily infirmities, and seven charged him with treating seven different persons on dates specified. After conviction in the district court, defendant was sentenced to pay eight several fines. He appealed, and the Supreme Court in its opinion said:

"The question raised by this appeal is whether or not practicing medicine without a license is a continuing offense, for which only a single penalty may be imposed for the entire time antedating the prosecution. This question is one of statutory interpretation."

The Kansas statute in express terms defined what should be regarded as practicing medicine within the meaning of the act, and within the terms thereof was included using the words or letters "Dr.," "Doctor," "M. D." or any other title representing that the person to whose name such title is affixed is engaged in the practice of medicine or representing or advertising by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that the person so representing or advertising is authorized to or does practice medicine, and also prescribing or recommending for a fee for like use any drug or medicine for the cure or relief of any bodily infirmity or disease of another person. General Statutes of Kansas, 1909, § 8090. The statute also provided that "any person violating *any* of the provisions of this act, shall be deemed guilty of a misdemeanor," and it provided punishment therefor. In affirming the judgment of the District Court, the Supreme Court said:

"Unlike the British Apothecaries Act [considered in Apothecaries Co. v. Jones, supra] the statute has not remitted us to any general understanding of the meaning of the word 'practice.' By virtue of the legislative definition, to prescribe, for a fee, any drug for the relief of any disease of another person, is to practice medicine. It is not necessary that this be done frequently, customarily, or habitually. One isolated instance is sufficient, and the penalty is affixed to each offense."

The statute of this state contains no such precise definition of the word "practice" as is found in the Kansas statute. It is true that it does specify certain acts closely related to the practice of dentistry, the commission of which is made criminal. (Public Health Law, supra, §§ 203b, 203c. But these are separate and distinct crimes from

that of the general practice of dentistry, for which different degrees of punishment are prescribed.

We think, therefore, that the demurrer should have been overruled, and the judgment of this court is that the judgment of the Court of Special Sessions must be reversed. All concur.