In the Matter of JAMES LLEWELLYN MACPHERSON, Petitioner, against THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Queens County, August 8, 1955.

**424**

*Herbert E. Rosenberg* for petitioner.

*T. Vincent Quinn, District Attorney (William Kerwick* of counsel), for respondent.

COLDEN, J. Petitioner seeks an order "directing: 1) an inquiry by the intervention of a Grand Jury of the crime of the murder of petitioner's wife, Gertrude Macpherson on or about January 13, 1955 in Queens County; and 2) that this Supreme Court try and determine such crime and try petitioner, if indicted, for same, and for any and all just relief deemed proper in the premises".

The facts, as they appear from the petition, are in substance as follows: On or about January 13, 1955, Gertrude Macpherson, petitioner's wife, was found murdered in the home owned and then occupied by her and the petitioner. From that date

petitioner has been subjected to intense cross-examination by police, members of the District Attorney's office of this county and others, and has been suspected and accused by them as being the murderer. As a result " both the public and the press have in fact concluded that petitioner has committed the crime of murder ". In support of the foregoing petitioner then sets forth excerpts of newspaper accounts of the homicide. Petitioner also alleges that on or about April 4, 1955, his attorney wrote to the District Attorney's office requesting that the entire results of its investigation and all other known facts " be presented to the Grand Jury immediately and if an Indictment be found that a speedy trial be afforded him, at which time, if necessary, his innocence may be established ". On April 5th, the District Attorney's office replied that the matter was then under active investigation and that it was anticipated that it would be presented to the Grand Jury in the near future, and inquired as to the attitude of petitioner with regard to appearing before the Grand Jury when the matter was presented. There then follows, in paragraphs 8 and 9 of the petition, a summary of the difficulties encountered by petitioner " even when legally proceeding in the civil courts to compel payments due under certain policies of insurance on his wife's life ". On May 6, 1955, petitioner's attorney again wrote to the District Attorney requesting that this matter be presented to a grand jury, and, if an indictment be found against petitioner, that a speedy trial be granted. In this letter petitioner's attorney referred to the inquiry made by the District Attorney concerning petitioner's attitude with regard to appearing before the Grand Jury and then quoted from a case decided by the Supreme Court of the United States to the effect that under our system of Government society must prove its charge against the accused by evidence independently secured through skillful investigation and not out of his own mouth. No written reply was made to that letter and special inquiries all resulted in the same information to the effect that the matter would be presented to the Grand Jury shortly. Petitioner then proclaims his innocence and requests this court to grant this application.

Petitioner bases this application upon subdivisions 1 and 2 of section 22 of the Code of Criminal Procedure, which provide, pertinently, as follows: "The supreme court has jurisdiction: 1. To inquire, *by the intervention of a grand jury,* of all crimes committed or triable in the county * * *. 2. To try and determine all such crimes and to try all persons *indicted* for the same." (Emphasis supplied.) It is obvious, however, from the

language to which emphasis has been supplied, that section 22 must be read together with the pertinent provisions relating to the drawing of grand juries. Those provisions are contained in sections 225 and 226 of the Code of Criminal Procedure. Section 225 prescribes the courts for which a grand jury must be drawn and is made expressly inapplicable to the Supreme Court " in the counties within the city of New York ". Section 226, as several times amended from 1950 to 1954, prescribes the courts for which a grand jury may also be drawn. That section reads as follows: " A grand jury may also be drawn: 1. For every other county court, when specially ordered by the court. 2. For any term of the supreme court upon order of the justices of the appellate division of the department in which such term is held. 3. For an extraordinary term of the supreme court upon the order of the justice named to hold or preside at the same. 4. For any term of the court of general sessions of the county of New York, or the county court of the counties of Bronx, Kings, Queens and Richmond, upon the order of a judge elected to the court for which the jury is drawn, whenever the public interest requires an additional grand jury or grand juries." Subdivisions 1 and 4 are clearly inapplicable to this court. So, too, are subdivisions 2 and 3. Subdivision 2 requires an order " of the justices of the appellate division " of this department, and no such order has been obtained. Subdivision 3 requires an order of a justice named to hold or preside at " an extraordinary term of the supreme court " which this is not.

It follows, therefore, on the law, that this court presently has no power to inquire " by the intervention of a Grand Jury " into the crime of the murder of petitioner's wife.

But even if this court had the power it would refrain, upon the showing here made, to exercise it. The public official whose duty it is to " prosecute all crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed " is the District Attorney. (County Law, § 927.) Interference with the performance of such duty should be sanctioned only under most unusual and compelling circumstances. No such circumstances have here been shown to exist. The crime in question was committed a few days less than seven months ago. Petitioner himself says of the crime committed against his wife that it " is the most serious crime known to our penal laws ". A reading of the newspaper accounts set forth in the petition indicates " the complicated nature of the matter and the highly technical testimony " which is likely to be involved. That an investigation might present many per-

plexing problems can be readily appreciated. Under such circumstances, to compel the District Attorney to present this matter to a grand jury at this time would seem completely unjustifiable.

The petition is accordingly dismissed.

Submit order.