THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THEODORE MALMUD, Respondent.

Second Department, June 3, 1957.

*Edward S. Silver,* District Attorney (*David Diamond* of counsel), for appellant.

*Theodore Malmud,* respondent in person.

*William S. Lebwohl, Meyer Scheps, Lewis L. Delafield, Barent L. Visscher* for Triborough Bridge and Tunnel Authority, *amicus curiæ.*

NOLAN, P. J. Respondent's motion to dismiss the information against him on the ground that it " fails to state a prima facie case of the commission of a crime " by him has been treated as a demurrer by the Court of Special Sessions, and the order granting the motion provides that the " demurrer be, and the same hereby is sustained ". It may be doubtful that the order is subject to review as " a judgment for the defendant, on a demurrer" (Code Crim. Pro., § 518, subd. 1). Whether it is or is not such a judgment is immaterial, however, since it is in any event an order of the court dismissing the information on a ground other than the insufficiency of the evidence adduced at a trial and is, consequently, appealable pursuant to the provisions of subdivision 3 of section 518 of the Code of Criminal Procedure. (N. Y. City Crim. Cts. Act, § 31, subd. 4; *People* v. *Hammerstein,* 150 App. Div. 212; *People* v. *Firth,* 157 App. Div. 492.)

Respondent was charged with a willful violation of section 3 of article 4 of the rules adopted and promulgated by the Triborough Bridge and Tunnel Authority for the regulation of the use of its project at the Brooklyn Plaza of the Brooklyn Battery Tunnel, in that he failed to obey and comply with the directions given by a bridge and tunnel officer, then directing traffic at said place, and refused to proceed into the proper traffic lane when directed to do so by the officer.

The rule alleged to have been violated requires all persons upon vehicular crossings controlled by the Authority to comply with lawful orders and directions given by employees of the Authority, and was promulgated pursuant to subdivision 5 of section 552 of the Public Authorities Law, which empowers the Authority " To make by-laws for the management and regulation of its affairs, and subject to agreements with bondholders, rules for the regulation of the use of the project and the establishment and collection of tolls thereon " and provides that

" Violation of such rules shall be a misdemeanor punishable by a fine of not exceeding fifty dollars or by imprisonment for not longer than thirty days, or both ".

The learned Court of Special Sessions dismissed the information, holding that the above-quoted statutory provision constitutes an unconstitutional delegation of legislative authority (N. Y. Const., art. III, § 1) in that it authorizes the making of rules having the force of law by the bondholders and the Authority, and not in accordance with the independent judgment of the Authority, and that a defendant charged with a misdemeanor for violating such rules would actually be charged with a violation of an agreement, and not with the breach of any prescribed rule of conduct laid down by the Legislature or a duly authorized public agency.

We are unable to agree with that construction of the statute, which gives to the Authority alone the power to adopt rules, and does not provide or require that the rules made by the Authority shall be approved by the bondholders. Other provisions of title 3 of article 3 of the Public Authorities Law clearly indicate that the agreements with the bondholders referred to in section 553 are those made by the Authority, or by the State, for the protection of the financial security of the holders of bonds of the original or the consolidated authorities and that they have nothing to do with the regulation of traffic on the project under the Authority's control. (See Public Authorities Law, §§ 552, 552-a, 553, 560–567.) We do not read the statute as giving the bondholders any voice in, or control over, the action of the Authority in the exercise of its delegated function, or as giving to the Authority any power to make agreements with bondholders which would accomplish that result. If a contrary construction is possible, it should be rejected. If two constructions of a statute are reasonably permissible, one of which would render it unconstitutional, and the other valid, the duty of the court is to adopt that construction which saves its constitutionality. (*Matthews* v. *Matthews*, 240 N. Y. 28, 34–35.)

Turning now to respondent's contention on this appeal, we find no merit in his claim that the information, which concededly purports to accuse him of the commission of a misdemeanor, was properly dismissed because a violation of the rule invoked by the People would constitute at most a traffic violation. This contention is based on the provisions of sections 2, 10 and 54 of the Vehicle and Traffic Law. We find nothing in section 10 which is of aid to respondent, nor do we find support for his argument in section 2 or 54.

Subdivision 29 of section 2 provides that a " ' traffic infraction ' " is the violation of any provision of the Vehicle and Traffic Law or of any local law or ordinance governing or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared to be a misdemeanor or a felony by the Vehicle and Traffic Law. A traffic infraction is not a crime. The answer to respondent's contention, insofar as it is based on this section, is that the rule alleged to have been violated is not a provision of the Vehicle and Traffic Law, nor is it a provision of a local law or ordinance. It is a rule promulgated by the Authority acting pursuant to a statute of the State of New York, which provides that a violation of the rule shall be a misdemeanor and which, in any event, prevails over any inconsistent provision of the Vehicle and Traffic Law. (Public Authorities Law, § 571.)

Except as otherwise provided in the Vehicle and Traffic Law, section 54 thereof prohibits the passage by local authorities of any ordinance, rule, or regulation, *inter alia,* excluding the owner, operator or chauffeur of a motor vehicle from the free use of the public highways, and provides that any such ordinance, rule or regulation contrary to or inconsistent with the provisions of the Vehicle and Traffic Law shall have no effect. The Triborough Bridge and Tunnel Authority, however, is not a local authority as defined in the Vehicle and Traffic Law. Subdivision 19 of section 2 of that statute defines local authorities as including all officers of counties, cities, boroughs, towns or villages, as well as boards, committees and other public officials of such counties, cities, boroughs, towns and villages. The Triborough Bridge and Tunnel Authority is a public benefit corporation, and not an agency or board of the City of New York, nor are its members officers of the city. If, however, we assume that it is a local authority as defined in said statute, and that it is an agency of the City of New York, wherein it acts and wherein it promulgated the rule with which we are here concerned, that rule is not affected by section 54 of the Vehicle and Traffic Law. That section provides that nothing therein contained shall impair the validity or effect of traffic regulations adopted pursuant to law in a city of the first class.

Respondent also contends, but for reasons other than those expressed by the Court of Special Sessions, that section 553 of the Public Authorities Law, insofar as it purports to empower the Authority to adopt rules, violations of which shall be misdemeanors, is an invalid delegation of a legislative function. As we understand his argument, it is not his contention that

the Legislature did not delegate to the Authority the power to adopt the rule in question. It is his position, as expressed in his brief, that the Legislature gave the Authority no standards for its guidance in the exercise of the delegated power, and that the Legislature could not validly delegate to the Authority so essential a legislative function as the definition of a substantive criminal offense. (Cf. *People* v. *Ryan,* 267 N. Y. 133.) The latter contention may be disposed of quickly. It may be conceded that the Legislature could not delegate to the Authority the power to define crimes and to prescribe the punishment therefor. (*People* v. *Ryan, supra*; *Matter of Mandell* v. *Board of Regents,* 250 N. Y. 173, 176.) There has been no such delegation, however, by section 553 of the Public Authorities Law. It is that statute, enacted by the Legislature, and not a rule adopted by the Authority, which defines the substantive criminal offense and makes a violation of the Authority's rules a misdemeanor. (Cf. *People* v. *Blanchard,* 288 N. Y. 145.) When the Legislature itself makes a violation of such a rule a crime, it does not delegate its legislative power. (*Darweger* v. *Staats,* 267 N. Y. 290, 306; *United States* v. *Grimaud,* 220 U. S. 506.) Neither do we find in the Public Authorities Law any invalid delegation of power to the Triborough Bridge and Tunnel Authority, because of a lack of standards for the guidance of the Authority in the promulgation of rules for the regulation of the use of the project. The statute provides that the Authority shall retain full jurisdiction and control over all its projects (§ 552), which include vehicular bridges, tunnels and other facilities (§§ 552-a, 553) which are, as a matter of common knowledge, extensively used by the public, and which it is required to maintain and operate (§§ 552-a, 553). It is empowered to make rules for the regulation of the use of such projects and to do all things necessary or convenient to carry out the powers expressly given to it (§ 553). It can hardly be doubted that if the Authority is to carry out the purposes for which it was created and if its projects are to be properly and efficiently operated, reasonable rules must be adopted to regulate traffic thereon, in the interest of the safety and the convenience of those who use them. The Legislature may, by statutory authority, confer upon a subordinate public board or agency the power to adopt rules and regulations reasonably adapted to carry out the purposes or objects for which it was created. Such a grant of power is not an improper delegation of legislative authority within the meaning of the constitutional inhibition, express or implied, against delegating legislative functions, and reasonable rules,

when duly adopted pursuant to such authority have the force and effect of enactments of the Legislature itself. (*Matter of Calfapietra* v. *Walsh,* 183 Misc. 6, affd. 269 App. Div. 734, affd. 294 N. Y. 867; *Cherubino* v. *Meenan,* 253 N. Y. 462, 463, 466; *People ex rel. Cavanaugh* v. *Waldo,* 72 Misc. 416, affd. 149 App. Div. 927, affd. 205 N. Y. 589.) Here the Legislature has imposed upon the Authority the duty to operate and control the vehicular tunnels, bridges and other facilities which constitute its project, and has granted to it the power to regulate their use. The grant of such authority necessarily implies the power to impose all such reasonable conditions in relation to the use of such facilities as will tend to provide for the general welfare and safety of those who use them. (Cf. *City of Buffalo* v. *Stevenson,* 207 N. Y. 258.) We think that in enacting the statute which created the Authority, the Legislature adequately established the rules and principles to be applied, leaving the execution and details thereof to the Authority. (Cf. *Darweger* v. *Staats,* 267 N. Y. 290, *supra.*) Nothing more is required. The field of action by the Authority is sufficiently defined, and clearly limited. It is enough that the power to act and the limitations on such power, though not defined in express terms, are clearly implied when the statute is read in the light of its history and purpose. (*Matter of Small* v. *Moss,* 277 N. Y. 501, 512; *Matter of Bernola* v. *Fletcher,* 280 App. Div. 870, 871.) Here the power granted to the Authority by clear implication to adopt rules regulating traffic on its projects, is subject to the condition, just as clearly implied, that it may adopt only such rules as upon reasonable grounds it may deem necessary and proper to provide for the safety and convenience of those who use them, and the protection of its facilities from unwarranted damage. (Cf. *Matter of Cherry* v. *Board of Regents,* 289 N. Y. 148, 159.)

We have considered respondent's other points and find nothing therein which leads us to a contrary conclusion.

The order should be reversed, the motion to dismiss the information should be denied, and respondent should be required to plead to the information at a term of the Court of Special Sessions at a time to be provided in the order to be entered hereon.

BELDOCK, MURPHY, UGHETTA and HALLINAN, JJ., concur.

Order reversed, motion to dismiss the information denied and respondent required to plead to the information at a term of the Court of Special Sessions at a time to be provided in the order to be entered hereon.

Settle order on notice.