Anthony J. Di Giovanna, J.
This is an application by the District Attorney of Kings County for an order pursuant to article 78 of the Civil Practice Act to compel a Justice of the Court of Special Sessions of the City of New York, County of Kings, to restore a case to the Trial Calendar which has been D. 0. R.’d [discharged on his own recognizance]. The Attorney-General of the State of New York moves to dismiss Hie petition for legal insufficiency.
The following are the undisputed facts as revealed by the record herein. On September 5, 1957 the District Attorney of Kings County tiled an information in the Court of Special Sessions of the City of New York, charging the respondent William Sockwell and Mack Coffee with the crime of petit larceny.
On September 6, 1957, the date of arraignment, the codefendant, Mack Coffee, pleaded guilty. On the same day William Sockwell was discharged on his own recognizance on motion of his attorney, over the objection of the assistant district attorney in charge of said case.
On September 18, 1957 petitioner moved to restore the case of William Sockwell to the calendar for trial. Honorable Benjamin Gassman, the Presiding Justice at that time, referred the motion to Mr. Justice Matthew J. Troy, who had D. 0. R’d the case.
On September 24,1957 Mr. Justice Troy denied the motion to restore, indorsing a statement of the reasons therefor on the original papers as follows: “ The alleged statement of an accomplice is insufficient to sustain the charge of larceny against Sockwell — The fact that Ihe officer saw both enter store does not constitute the proof necessary to corroborate the statement of the accomplice, particularly in the face of defendant’s absolute denial— ”.
On October 7, 1957 Mr. Justice Gassman made an order denying petitioner’s application to restore the case to the Trial Calendar on the basis of the aforesaid indorsement by Mr. Justice Troy.
The Court of Special Sessions of the City of New York is a court of limited jurisdiction. The extent of its jurisdiction and powers are set forth in section 31 of the New York City Criminal Courts Act. Subdivision 4 of said section 31 provides in part: ‘ ‘ All sections of the code of criminal procedure consistent with ibis act regulating and controlling the practice and procedure of the court of general sessions of the peace in the city and county of New York shall apply, as far as may be, to the practice and procedure in the court of special sessions, and shall regulate and control the practice and procedure of the said court, in so far as its jurisdiction and organization will permit.”'
*60 Subdivision 2 of section 51 of the Code of Criminal Procedure provides that the Court of General Sessions of the County of New York has jurisdiction “ To exercise, in cases arising in said county, the same powers as are conferred by this code upon county courts in other counties ’ \
The parties hereto have not cited nor has independent research by the court revealed any applicable specific rules of the Court of Special Sessions of the City of New York to aid the court in resolving’ the issues presented in this proceeding. Therefore, the statutory provisions governing the practice and procedure in the courts of general criminal jurisdiction in the city of New York referred to above will be relied upon for guidance.
The first contention of the District Attorney is to the effect that the Court of Special Sessions exceeded its powers in discharging the defendant on his own recognizance. There is no merit to this contention. Suffice it to say that the court discharged the defendant from custody on his own undertaking in conformity with the provisions of section 669 of the Code of Criminal Procedure.
The other contention of the District Attorney is that the Court of Special Sessions cannot refuse to restore a case to the Trial Calendar which has been D. O. E. ’d.
There is no doubt that the Court of Special Sessions has the power to control its calendar. It is similar to the power of the Court of General Sessions of the County of New York to regulate and control the calendars of that court. (People v. Bresler, 218 N. Y. 567, 572; People v. Hammerstein, 150 App. Div. 212; People v. Rosenkrantz, 123 Misc. 335; N. Y. City Crim. Cts. Act, § 31, subd. 4.) However, the question here does not involve the regulation and control of the calendar.
In moving to 1 ‘ restore the case to the calendar ’ ’ the District Attorney apparently followed a traditional practice limited to the Kings County Branch of the Court of Special Sessions. There seem to be no written rules (at least none have been called to the attention of this court) requiring the District Attorney to make such a motion in the first place, but the motion made “ to restore ” may be considered for the purposes of this matter, as an application to move the case for trial.
Therefore, what remains to be determined is whether the Court of Special Sessions is empowered to prevent the District Attorney from moving a case for trial which has been D. 0. E.’d.
I find no authority in the law which grants the right or power to the Justices of the Court of Special Sessions to move cases for trial. That is a function of the District Attorney who is *61 charged with the duty and responsibility to “ conduct all prosecutions for crimes and offenses cognizable by Ihe courts of the county for which he shall have been elected (County Law, § 927; Matter of McDonald v. Goldstein, 191 Misc. 863, 865, affd. 273 App. Div. 649; see Macpherson v. People, 208 Misc. 423; Matter of McDonald v. Sobel, 272 App. Div. 455.)
In this respect it is important to note the following statement by the court in Matter of McDonald v. Goldstein (191 Misc. 863, affd. 273 App. Div. 649, 650, supra) which involved the construction of the rule promulgated by the Judges of the County Court of Kings County, to the effect that the Judge presiding at Part I “ shall assign cases for trial or other disposition to the other parts of the Court * * * The rule, properly construed, authorized assignment to another part of the court of those cases only in which the indictments had been moved for trial. The particular case which the court assumed thus to assign had not been moved for trial by the District Attorney ; hence the court was without power, if the rule be valid, to attempt so to assign it. On the argument of this appeal, in order that there might be a decision on the merits as to the validity of the rule, the District Attorney withdrew his contention that the court’s action was premature and agreed that the action of the County Judge might be deemed to have occurred after the particular case had been duly moved for trial.”
In moving a case for trial the District Attorney does not interfere with or usurp the power of the court to regulate and control the order of its business of adjudicating causes.
Under the provisions of section 671 of the Code of Criminal Procedure, the court may, of its own motion, and in furtherance of justice, order an action, after indictment, to be dismissed. In this case, however, the court did not dismiss the action. It merely denied the right of the District Attorney to move the case for trial. If the action had been dismissed, the People would have had the right to appeal from the dismissal (Code Crim. Pro., § 518; People v. Levenstein, 309 N. Y. 433; People v. Hammerstein, 150 App. Div. 212, supra; 155 App. Div. 204, affd. 211 N. Y. 552), but in limiting its determination to a denial of the motion to move the case for trial, the court created an impasse. That determination is not appealable by the People and, consequently, the only means of testing the court’s power is by instituting the present proceeding.
In the light of the foregoing, the motion to dismiss the petition for legal insufficiency is denied, and the petition is granted.
Settle order on notice.