Froessel, J.
The Grand Jury of Kings County, after hearing the testimony of three witnesses, directed the District Attorney *194 to file an information in the Court of Special Sessions — “ pursuant to the provisions of Section 742 ” of the Code of Criminal Procedure — charging defendant with the “crime of Leaving Scene of Accident ” in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. The County Court, which had impaneled the Grand Jury, approved its direction, .Judge Baeshay ordering that the information be filed. Accordingly, it was filed by the District Attorney on November 25, 1958, in the Court of Special Sessions.
In February, 1959 defendant’s counsel moved in the County Court — not in the Court of Special Sessions — to inspect the Grand Jury minutes and for an order dismissing the information. Nearly four months later, in June, 1959, Judge Marasco, “after reading the Grand Jury Minutes ”, vacated the prior order of County Court Judge Baeshay and dismissed the information. The ground assigned for the determination was that “ Suspicion cannot take the place of evidence ”.
On appeal from Judge Marasco’s order to the Appellate Division, that court, although agreeing ‘ ‘ with appellant that the evidence presented before the Grand Jury was sufficient to warrant its direction that an information be filed against respondent ”, dismissed the appeal therein on the ground that ' ‘ there is no statute which authorizes an appeal from the order of the County Court vacating its previous order made pursuant to section 742 of the Code of Criminal Procedure and dismissing the information filed pursuant thereto ”. It added that “ jurisdiction to entertain the appeal” was, therefore, lacking.
It was settled by our decision in People v. Levenstein (309 N. Y. 433) that the “information” herein is treated as an “indictment” for the purposes of appealability under section 518 of the Code of Criminal Procedure. Hence the narrow question before us on this appeal is whether an order vacating a prior order directing the filing of an information, and dismissing the information, is appealable under section 518 of the Code of Criminal Procedure, the determinative statutory provision. That section, as amended by chapter 832 of the Laws of 1942, provides, in relevant part, that
‘ ‘ An appeal may be taken by the people as of right
*195 ‘ ' 3. From, an order of the court, made at any stage of the action, setting aside or dismissing the indictment on a ground other than the insufficiency of the evidence adduced at the trial ’ ’ (emphasis supplied).
In our opinion, the above-quoted subdivision 3 clearly empowered the Appellate Division to entertain the appeal from the County Court order. The legal effect of that order was to dismiss the information “on a ground other than the insufficiency of the evidence adduced at the trial ”. No trial was ever had here; hence the only exception contained in subdivision 3 is inapplicable to this case. That provision does not prescribe, nor on the basis of its plain language can it be reasonably argued, that its scope of operation is limited to dismissals effected by a particular procedural means. It is rather the ultimate result, namely, the effectuation of a dismissal importing finality, which is of paramount concern. Therefore, in the instant case, appellate review may not be precluded on the ground that the dismissal of the information also involved the vacatur of a prior order directing that the information be filed—leaving aside the question of one County Judge overruling another, and after the case was lodged in the Court of Special Sessions.
This interpretation of subdivision 3 of section 518, and our conclusion that appellate review was here authorized find strong support in the statutory history of section 518. Prior to its amendment in 1942, subdivision 3 of section 518 provided that an appeal by the People may be taken “ Upon an order of the court granting a motion made upon the minutes of the grand, jury dismissing an indictment” (emphasis supplied).* The purpose of the 1942 amendment was to enlarge, rather than to limit, the People’s right of appeal (see Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 62-63). The instant order of dismissal may be aptly characterized as a dismissal ‘ ‘ upon the minutes of the grand jury ”. It will be recalled that defendant herein had moved to inspect the Grand Jury minutes and for dismissal of the information; and the court made its order of dismissal “ after reading the Grand Jury Minutes ”. Since a right of appeal by the People from a dismissal upon the *196 minutes of the Grand Jury was specifically permitted under the pre-amended subdivision 3 of section 518, a fortiori such right lies subsequent to the amendment which enlarged the scope of that provision.
The impelling cause for the 1942 amendment of section 518 was our decision in the case of People v. Peed (276 N. Y. 5) upon which the Appellate Division below relied in dismissing the appeal to that court. In the Reed case we quite reluctantly took a literal view of section 518, refusing to “ stretch a point and say ’ ’ that a motion to dismiss an indictment is the equivalent of a demurrer. Hence it was held that the order therein dismissing the indictment was not appealable. A ' ‘ remarkable situation ”, as described by Chief Judge Crane {id., at pp. 11-12), was indeed presented, and legislative correction was invited {id., at p. 14).
Subsequent to the Reed decision, the Judicial Council, alluding to the " remarkable situation ” described by Chief Judge Crane, urged the Legislature to adopt remedial legislation. It was maintained by the Judicial Council that “ A defendant ”, by virtue of the Reed decision, has been enabled “to preclude appellate review of an order in his favor by malting objections to the sufficiency of the indictment by a motion to dismiss ”, instead of by a demurrer; a “ grave injustice ’ ’ is thereby done to the People (see Eighth Annual Report of N. Y. Judicial Council, 1942, supra, at p. 63). In our opinion, the corrective legislation, which was designed to remedy the evil thus described, also prevents a Trial Judge from precluding appellate review by coupling his order dismissing the information with a vacatur of another County Judge’s prior order directing its filing.
A practice question as to our disposition of this appeal remains. While the Appellate Division dismissed the appeal to it for the reasons previously stated, it made clear by its opinion that the evidence presented before the Grand Jury was sufficient to warrant its direction that an information be filed against respondent. We have reviewed the testimony presented to the Grand Jury and are in accord with this finding. Inasmuch as the Appellate Division in its order referred to its opinion, its finding as to the sufficiency of the evidence may be deemed to have been embodied therein (Code Crim. Pro., § 543-a). Under these circumstances, it would be pointless to remit to them.
*197 Accordingly, the order of the Appellate Division, and the order of the County Court vacating the prior order of that court and dismissing the information should be reversed, and the information reinstated.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Order reversed and the information reinstated.

 (L. 1927, ch. 337.) Subdivisions 1 and 2 of section 518 provided then, as they do now, for appeals from judgments for the defendant upon “ demurrer to the indictment ” and from an order of the court “ arresting ” judgment.