Archibald C. Wemple, J.
The background of the case is as follows: The defendant was arrested on July 22, 1959 and charged with a violation of section 986 of the Penal Law. He was tried without a jury September 22, 1959 and found guilty. The defendant appealed the conviction to the Schenectady County Court which reversed the conviction on January 26, 1960 (20 Misc 2d 846). Then the People appealed to the Court of Appeals which reversed this court on November 17, 1960 and directed a retrial in Police Court (8 N Y 2d 333). On the first return date in Police Court on December 12, 1960 the case was adjourned to December 19, 1960 to set a definite trial date, *864 and on that return date the trial was set for January 18, 1961. On January 18, 1961 the case was again adjourned on the request of the defendant on the ground that he was ill, that his counsel was engaged in Supreme Court and that he requested a jury trial. On January 24, 1961, the next return date, the jury trial was set for February 20, 1961. On that day the District Attorney announced that he was ready to proceed to trial, but he discovered that certain exhibits were missing. After a short recess the People requested an adjournment. The trial court denied the request and then on its own motion dismissed the information for failure to prosecute.
Section 8 of the Code of Criminal Procedure provides that every defendant is entitled “to a speedy and public trial ”, and section 668 of the Code of Criminal Procedure affords every defendant his means of obtaining this guarantee. This case is somewhat different from the facts usually found in a so-called “speedy trial” situation. Here the defendant has already been convicted at a previous trial, and after a series of appeals his case was returned by the Court of Appeals for a retrial. Also, it is unique in that the lower court on its own motion dismissed the information without the defendant having first moved for such relief under section 668.
Both the appellant and appellee urge the language of Judge Fuld speaking in People v. Prosser (309 N. Y. 353) as authority for their respective positions. At one point he says, “ The inquiry in each case is factual and, like the question whether there has been undue delay, depends 1 upon the circumstances of each particular ease ’ ” (p. 360). Also in People v. Winter (18 Misc 2d 205, 207) the court said: “ So important a matter as dismissing an indictment because of undue delay in bringing the case on for trial calls for the exercise of extreme caution. It necessitates a decision consonant with competing rights of equal importance. Concededly, defendant’s right to a speedy trial is not absolute and unyielding, regardless of the circumstances causing the delay. The People’s right to effective enforcement of the criminal law requires that allowance be made for a reasonable time to prepare for trial and for reasonable accommodation to the pressures and needs of those charged with the duty of administering the law.”
It appears from the minutes that on January 18, 1961 the case was called for trial and the defendant was ill, his attorney was engaged elsewhere and an associate requested an adjournment and also a jury trial. This clearly indicates that on this occasion the delay was not caused by the People. Also on February 20, the day the case was dismissed, the court, after *865 learning that the People were not ready to proceed, said to the defendant’s attorney, £ ‘ Anything further?” Mr. Grasso replied, “ The only thing I would like to say is we are ready for trial your honor.” This raises a serious question in this court’s mind as to whether or not the defendant at this time did not waive his right to a speedy trial, if in fact he had not already done so on January 24 when an adjournment was granted at his request. Clearly, February 20 was the time for defendant to move under section 668 but he did not. In People v. White (2 N Y 2d 220) the court said: ££ It is well settled that the right to a speedy trial may be waived (People v. Prosser, 309 N. Y. 353, 359, and cases there cited; see, also, 129 A. L. R. 572). This waiver may occur either through the acquiescence of defendant in delay or in his failure to raise the point in time ” (pp. 223-224).
The court goes on to distinguish the White case from the Prosser case by pointing out that in the White case there were numerous adjourned dates at which time the defendant could have moved under section 668 but did not, whereas the Prosser case involves a defendant who was incarcerated for several years before the indictment in question was moved for trial. The court said in People v. White (supra) ££ We held that under those circumstances the inaction of defendant from the date of the indictment to the date of rearraignment did not constitute a waiver of his right to a speedy trial” (pp. 224-225).
All of this language is compelling. The case before the court closely resembles the White case in many respects, and on the language of that case this court feels that the defendant’s failure to move under section 668 resulted in a waiver, notwithstanding the action of the court.
Furthermore, it is hard to see how the defendant’s substantial rights would have been violated by a short adjournment to allow the District Attorney an opportunity to locate his exhibits. This appears to be a reasonable request and with the ££ good cause to the contrary ” language of section 668.
On the oral argument the appellee contended that this court did not have jurisdiction of this appeal, but in his memorandum of law he did not pursue the point. In any event it appears that this court does have jurisdiction under section 518 of the Code of Criminal Procedure. (See People v. Levenstein, 309 N. Y. 433 ; People v. De Courcy, 8 N Y 2d 192.)
The order of dismissal of the lower court is accordingly reversed. The case is hereby restored to the Police Court for prompt trial. In this way and only in this way can the order of the Court of Appeals be put into effect.