David T. Gibbons, J.
Petition for a judgment declaring invalid the approval by the Building Inspector of the Town of North Hempstead and for related relief is referred back to the board of zoning and appeals of said town for a complete hearing, pursuant to chapter 70 of the Code of the Town of North Hempstead as authorized by subdivision 2 of section 267 of the Town Law.
Petitioners have been denied their basic rights to a determination of their grievances, as adjoining landowners, because of the refusal of the Board of Zoning and Appeals of the Town of North Hempstead to act on their appeal unless a $2,000 fee was first paid.
By virtue of Local Law No. 11 of 1974 of the Town of North Hempstead, it was provided that, "Accompanying each application or appeal to the Board of Zoning and Appeals, there shall be paid, in addition to any other fees required, the following fees”. A schedule of fees followed in which the amount fixed related to the type of improvement to be erected upon either residential, business or industrial property.
The building permit here under attack was issued to the respondent, C. F. 48 Associates, by the building inspector for the erection of an office building on approximately 8.59 acres out of a 48-acre parcel known as the Sperry property. The $2,000 fee demanded for the appeal to the board of zoning and appeals was based on the size of the parcel which was to be so improved.
In Jewish Reconstructionist Synagogue of North Shore, Inc. v Incorporated Vil. of Roslyn Harbor (40 NY2d 158, 160, 162, 164), a case involving the legality of a local law providing for a fee based upon the cost incurred by the municipality in processing each individual appeal, the Court of Appeals, in passing upon the question, "whether a local government may require applicants for variances and special use permits before its board of zoning appeals to pay certain costs incurred by the board in the course of reaching its determination” held inter alia:
*971 "That a right rather than a benefít is being pursued is of special significance in the context of this case * * * [A]n ordinance should be scrutinized more carefully for its inhibitions against the pursuit of such a right as distinguished from a benefit. For the justification which underlies fee structures has most often been expressed as a visitation of the costs of special services upon the one who derives a benefít from them (see Matter of Hanson v Griffiths, 204 Misc 736; City of Buffalo v Stevenson, 207 NY 258; People v Malmud, 4 AD2d 86; People v Brooklyn Garden Apts., 283 NY 373; Fox v Kern, 12 NYS2d 561) * * *
"It is not just the amount of the fees alone which is here involved. At stake are the terms upon which citizens may have access to a governmental function and their right to have those terms, whether or not they are in the form of fees, fixed by standards which lend assurance that they are not 'unreasonable•, discriminatory nor oppressive’ (Trio Distr. Corp. v City of Albany, 2 AD2d 326, 329). Furthermore if fees for seeking relief from an unduly burdensome zoning ordinance can be tailored by a board to an individual case without reference to whatever is usual or average in other such cases, the appearance of a potential for abuse or discrimination may arise, whether one actually occurs or not. Manifestly, ready accessibility of judicial and other mandated governmental functions is too important for that accessibility and its appearance of accessibility to be impaired by the insufficiently delineated fee system in this case, designed, as defendant admits it was, to guarantee that the community’s taxpayers bear no share of the expense of maintaining the mandated function of government which the board was carrying out. That requirement puts too exclusive an obligation on the individual to bear the entire cost of a governmental function whose very existence is in furtherance of the general welfare (cf. French Investing Co. v City of New York, 39 NY2d 587, 595-597).” (Emphasis added.)
While the Court of Appeals, in the Jewish Reconstructionist Synagogue case, was dealing with. a fee imposed upon an applicant for a "variance or special use permit”, the instant matter presents a situation where neighboring landowners address their grievances to the board of zoning and appeals in opposition to the permit granted to such applicant.
Needless to say, although the municipal corporation has the right to impose a fee to reimburse it for the costs "reasonably *972 necessary to the accomplishment of the statutory command” supra, p 163), it must also be observed that a fee based on the size of the plot and the nature of the improvement thereon, whether upon residential, commercial or industrial property, as here, bears a direct relationship to the magnitude of the owner’s economic interest in its development, and under such circumstances, it lends justification to a fee schedule which is based upon a formula under which the greater economic expenditure warrants a higher fee.
However, the petitioners, as adjoining landowners having no similar economic interest in the contemplated improvement, should not be compelled to pay an equivalent fee in order to seek redress from the board of zoning and appeals.
As citizen taxpayers having standing to present their grievances for administrative consideration (Bettman v Michaelis, 27 Misc 2d 1010), to impose a similar fee schedule upon them will only tend to create both an unfair and unequal burden which would, in effect, make such appeals more costly as the value of the subject improvement increases and, thereby, create an unreasonable impediment to such proceedings on the part of neighboring landowners.
Inasmuch as the petitioners herein fall into a class of applicants other than those seeking "variances and special use permits”, the schedule of fees set forth in Local Law No. 11 of 1974 has no application to them, and the respondents’ determination to refuse to act on petitioners’ appeal, unless a fee of $2,000 was first paid, was arbitrary, capricious and contrary to law.
If the municipality seeks to be reimbursed for the expenses incurred by it in connection with appeals brought on by the class of applicants embracing the neighboring property owners, such costs should be considered a normal and expected consequence which may result, to some degree, from a percentage of the many building permits issued to those seeking to improve their property, and, based upon the municipality’s experience concerning the expenses incurred in such matters over a reasonable period of time, a policy may be adopted under which such average expenses would be reflected in the schedule of fees to be paid by the applicants for building permits.
Whether or not the building permit granted for the erection of an office building, known as the Triad Office Building, by lessees of the real property is in violation of various sections *973 of the Code of the Town of North Hempstead, and whether or not approval by the New York State Department of Environmental Conservation is required, can only be determined upon a complete hearing before the Board of Zoning and Appeals of the Town of North Hempstead.
This matter is, accordingly, referred back to said board with the direction that a date and time be set for the hearing of this appeal convenient to all parties with notice to be given thereof.