(32 Misc. Rep. 170.)

PEOPLE v. THOMAS.

(Supreme Court, Criminal Term, New York County.   July, 1900.)

1. INDICTMENT—DISMISSAL—EVIDENCE—SUFFICIENCY.

Pen. Code, § 154, declares that, when a duty is enjoined by law on a public officer, every willful omission to perform it is punishable as a misdemeanor.   Code Cr. Proc. § 256, prohibits the grand jury from receiving any but legal evidence.   *Held*, that where a police captain was indicted under section 154 for failing to suppress a disorderly house in his precinct, and witnesses before the grand jury testified that persons in the house conducted themselves in a disorderly manner, and some testified that while there they were "solicited" by women "to go out and have a good time," the indictment should be dismissed, since there was no legal evidence of disorderly conduct.

2. SAME—DISMISSAL BY COURT.

Code Cr. Proc. § 313, as amended in 1897, declares that an indictment must be set aside by the court in which the defendant is arraigned in certain cases, but in no other than the cases enumerated, not including the event of the grand jury having acted on insufficient evidence.   Section 671 provides that the court may of its own motion, or on application of the district attorney, order an action, after indictment, to be dismissed. *Held*, that the word "must," in section 313, should be construed as mandatory, and not as synonymous with "may," leaving the court discretion as to dismissal in cases other than those enumerated, and hence the court had power to dismiss an indictment when it appeared that it was found without legal evidence of guilt of accused having been before the grand jury.

Andrew J. Thomas was indicted under Pen. Code, § 154.   Motion to dismiss indictment.   Motion granted.

Charles L. Hoffman (Abraham I. Elkus, of counsel), for the motion. Asa Bird Gardiner, Dist. Atty., for the People.

FURSMAN, J.   This is a motion to set aside an indictment found against the defendant by the March, 1900, grand jury of the court of general sessions.   The indictment is found under section 154 of the Penal Code, which declares that, where a duty is enjoined by law upon a public officer, every willful omission to perform it is punishable as a misdemeanor.   The indictment charges that the defendant on the 5th day of March, 1900, was a captain of police in the Nineteenth precinct in the city of New York; that the law imposed upon him the duty of exercising all proper, reasonable, and effective means for preventing crime in his precinct, for detecting and arresting offenders, and for repressing and restraining all unlawful and disorderly conduct and practices therein.   It further charges that on the 5th of March, and since, there has been kept and maintained in his precinct a certain house of ill fame and assignation, commonly called the "Cairo," and that unlawful and disorderly conduct and practices were committed therein, of all which the defendant had knowledge; that the defendant disregarded his duty in respect thereto, and did unlawfully and willfully neglect and omit to perform it according to the provisions of the section above referred to, and, on the contrary, did unlawfully and willfully suffer and permit the same without any interference on his part, and without any proper, reasonable, or effective endeavor towards the detection or arrest of the person keeping and maintaining the

same.   The defendant now moves, upon the minutes of the grand jury, to dismiss this indictment upon the ground that there was no evidence before the grand jury to justify the finding thereof.   I have carefully read the minutes of the grand jury, taken by question and answer, and I am constrained to hold that there was no legal evidence whatever before that body of any violation upon the part of the defendant of section 154, above cited.   Section 256 of the Code of Criminal Procedure provides that "the grand jury can receive none but legal evidence." Witnesses before the grand jury testified that the persons who were found by them in the place referred to in the indictment conducted themselves in a disorderly manner, and some witnesses say that they were "solicited" by women while there.   The witnesses testified that the soliciting of which they spoke consisted in asking them "to go out and have a good time."   The statement that these persons conducted themselves in a disorderly manner is a mere statement of a legal conclusion.   Upon the trial of a person charged with disorderly conduct, a witness cannot be permitted to express an opinion as to such conduct, but must be required to state precisely what took place, and it thereupon becomes a question for the court and jury whether such occurrences did or did not constitute disorderly conduct.   So, whether a person "solicited" another does not depend upon the opinion of a witness; nor can a witness, according to the established rules of evidence, be permitted to express an opinion upon that subject.   All that the witness can be allowed to do is to state the language of the person charged to have solicited another, and it is for the court and jury to determine whether such language constituted a soliciting, according to the understood meaning of that word, as expressed in the evidence before the grand jury.   Here, however, the witnesses limit the expression by stating precisely in what the soliciting consisted, to wit, "to go out and have a good time."   This does not constitute, in law, disorderly conduct; nor, in view of the presumption of innocence which must be accorded to every person charged with an offense, does it imply a thing necessarily improper.   Excluding the illegal evidence before the grand jury, there was nothing whatever before that body indicating that anything occurred at the place designated which called for the interference of the defendant as a police officer.   The minutes of the grand jury are absolutely silent upon the subject of any willful omission on the part of the defendant to perform his duty under the section above referred to, and, therefore, unless restricted by law, it is the duty of the court, for this reason, to dismiss this indictment; for no man should be put upon trial under an indictment unless there was some evidence—some legal evidence—before the grand jury, which, if uncontradicted or unexplained, would justify his conviction.

The serious question upon this motion is whether the court has power to set aside an indictment under such circumstances.   That there is an inherent power in courts of general jurisdiction to exercise authority over and to control its own records has been repeatedly decided.   As to the inherent power of the court to set aside indictments improperly found, I concur in the opinions heretofore expressed by a large majority of the judges in the First department, and in the view maintained by Mr. Justice Williams, of the Fourth department, as ex-

pressed by him in People v. Molineux, 27 Misc. Rep. 79, 58 N. Y. Supp. 155. But it has been said that section 313 of the Code of Criminal Procedure, as amended in 1897, has deprived the court of this power; and the appellate division of the Third department, in the case of People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224, expressed this view. That case, however, was not decided upon this ground, and the opinion, so far as it relates to this question, is obiter. The language of section 313 is as follows:

"Sec. 313. The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: (1) When it is not found, indorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two; (2) when a person has been permitted to be present during the session of a grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four."

These last-named sections are unimportant here.

There is no doubt of the power of the legislature to "prescribe a practice in criminal procedure which must be regarded by the courts, and which must be taken as exclusive of any practice the courts may seek to adopt in conflict with it." The question is, has the legislature, by this section, taken away the inherent power of the court to set aside indictments for reasons other than those mentioned in it? The word "must" is mandatory. It means "obliged," "required," and imports a physical or moral necessity. The word "may," when used in a statute which imposes an imperative duty, is construed to mean "must," but the word "must" has never been construed to mean "may." It is peremptory. It excludes all discretion, and imposes upon the court an absolute duty to perform the requirements of the statute in which it is employed. Section 313, therefore, imposes upon the court, in the two cases therein referred to, the absolute duty to dismiss an indictment. But do the words "but in no other" deprive the court of the power, to be exercised according to its discretion, to set aside indictments for other adequate reasons? Transposing the language of this section, it would read: "In the two following cases, but in no other, the court must set aside the indictment." Substitute for the word "must" its definition and transposed it will read thus: "In the two following cases, but in no other, the court is obliged [required] to set aside the indictment." As to these two cases mentioned in this section the court has no discretion. There is an absolute requirement that in such cases the indictment shall be set aside. The provision is peremptory. The court must perform the duty imposed by this section, and, because of the limitation expressed in the words "but in no other," is not commanded to set aside an indictment for any other reasons than those expressed in the statute. This section, however, does not interfere with the discretionary power of the court to set aside an indictment for other sufficient reasons. While this section imposes upon the court a necessity to act in a certain way in either of the cases therein stated, it goes no further than to declare that such necessity, obligation, or requirement is not imposed upon the court in any other case; and the court still, as heretofore, has control and authority over its own records, and may still exercise its inherent right to set aside

66 N.Y.S.—13

indictments for reasons other than those stated in section 313. It is only by the employment of clear and unequivocal language that the inherent powers of a court of general jurisdiction can be taken away by legislative enactment. Section 224 of the Code of Criminal Procedure declares that the presence of at least 16 members of a grand jury is necessary for the transaction of business. Section 268 provides that an indictment cannot be found without the concurrence of at least 12 grand jurors. Suppose an indictment is in fact found by a grand jury composed of less than 16, or that less than 12 concur in the finding of an indictment; may it not be set aside on motion, notwithstanding the terms of section 313? The question cannot be raised upon the trial, because a plea of not guilty concedes the validity of the indictment. It cannot be raised by demurrer, because such defect would not appear upon the face of the indictment, and because, moreover, it is not embraced within section 323 of the Code. If it may not be set aside upon motion, a person may be put upon trial, and subjected to all the expense, trouble, and ignominy incident thereto without any charge ever having been legally preferred against him. There can be no question, it seems to me, that in such case the court may set the indictment aside.

I have hitherto examined this question solely with reference to section 313. Section 671 of the Code of Criminal Procedure puts beyond question the power of the court to dismiss an indictment for reasons other than those specified in section 313. The latter section applies only to motions made by the defendant, but the former is applicable to every case. It is as follows:

"Sec. 671. Court may Order Indictment to be Dismissed. The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed."

This section disposes of the whole matter, and confers upon the court the power to dismiss an indictment whenever it has knowledge, however derived, that it was improperly found; and it ought certainly to do so in any case where there is no evidence (by which I mean legal evidence) presented to a grand jury to justify the inference that a crime has been committed. In the present case no such evidence was presented to the grand jury, and the indictment stands as if it had been found without any evidence whatever having been presented to the grand jury upon the subject of the violation by the defendant of section 154 of the Penal Code, with the violation of which he stands charged. The indictment ought, therefore, to be dismissed.

Indictment dismissed.