(33 Misc. Rep. 530.)

PEOPLE v. SPOLASCO et al.

(Court of General Sessions, New York County.   December, 1900.)

CRIMINAL LAW—DISMISSING INDICTMENT—PUBLIC TRIAL—ATTEMPT TO BRIBE
JUDGE.
    Under Code Cr. Proc. § 671, providing that the court, in the furtherance
    of justice, may order an action after indictment to be dismissed, where
    an attaché of the court and another are indicted, charged with having
    attempted to obtain money by claiming to have arranged to bribe a judge
    of the court and the district attorney, and thereby secure the release
    of a prisoner, the indictment should not be dismissed, on motion, for
    technical objections, as it is due to the public that the greatest publicity
    should be given to the proceedings by a public trial.

Motion by William Spolasco and another to dismiss an indictment
for attempt to bribe.   Denied.

For former opinion, see 67 N. Y. Supp. 1114.

James W. McLaughlin and David Welch, for the motion.
Henry W. Unger, Asst. Dist. Atty., for the People.

FOSTER, J.   This is a motion to dismiss the indictment herein
made pursuant to section 671 of the Code of Criminal Procedure.
The indictment herein was filed September 18, 1900, and charges the
defendants, one of whom was an attaché of this court, with an at-
tempt to commit the crime of grand larceny (by false pretenses).   The
minutes of the testimony submitted to the grand jury are before me
on this motion.   The alleged false pretenses were to the effect that
these defendants "had arranged to bribe a judge of this court and
the district attorney of this county, and thereby secure the release
of the complaining witness, who was at the time in prison, under
indictment, and awaiting trial."   Section 671 of the Code of Crim-
inal Procedure, under which this motion is made, provides:   "The
court may, either of its own motion, or upon the application of the
district attorney, and in furtherance of justice, order an action after
indictment, to be dismissed."   Section 671 differs from section 313,
which is mandatory, and which requires the court to set aside an in-
dictment for the causes therein set forth, but leaves it to the discre-
tion of the court to set it aside for other causes.   People v. Thom-
as, 32 Misc. Rep. 170, 66 N. Y. Supp. 191, opinion by Fursman, J.   I
take it, therefore, that, under section 671 the sole question to be con-
sidered is, upon the facts and law involved,   "What is for the best
interests of the cause of justice?"   To my mind, it is entirely clear
that there should be the greatest possible publicity in disposing of
this matter, to the end that the people may know whether justice is
on sale in this community, and whether an attaché of this court has,
even animo furandi, represented that it was.   The people are en-
titled to know to the fullest possible extent the manner in which their
servants, the officers and attachés of this court, are discharging their
public duties.   The charge against these defendants, striking as it
does at the very head of justice, should not, therefore, be disposed
of on any mere technicality, nor even on motion.   Public interests
and the furtherance of justice, both alike, require the publicity of a

trial, so that the whole truth as to these serious accusations may be known to all men. I have read with pleasure, and, I trust, instruction, the voluminous and carefully prepared brief of the learned counsel for the defendants; but for these reasons I do not consider, and I expressly decline to decide, the contentions and the legal technicalities (possibly well taken) urged by the learned counsel in support of this motion. The motion which they make may be as well determined on the trial as before; and my decision, therefore, in no way prejudices, and is not intended in any manner to prejudice, any of the defendants' rights, nor to permit the people, when a like motion shall be made at the trial, to assert that it is res adjudicata.

Motion denied.