In the Matter of MILES F. McDONALD, as District Attorney of Kings County, Petitioner, against NATHAN R. SOBEL, Individually and as County Judge of Kings County, et al., Respondents.

Supreme Court, Special Term, Kings County, September 30, 1946.

*Miles F. McDonald, District Attorney,* petitioner in person.

*Irwin N. Wilpon* for Nathan R. Sobel, respondent.

HALLINAN, J. The District Attorney of Kings County has petitioned this court, under article 78 of the Civil Practice Act, to issue an order compelling the County Court of Kings County and one of its judges to set aside certain proceedings which will hereafter be referred to, and to direct the reinstatement of certain indictments and the original pleas of not guilty entered thereto.

One Roscoe Rhodes was indicted for the crime of burglary in the third degree. He originally pleaded not guilty. Later, over the objection of the District Attorney, the court granted said defendant's motion to withdraw his plea of not guilty and to enter a plea of guilty to the crime of unlawful entry. One Peter Ross was charged in an indictment with the crime of forgery in four counts and with the crime of petit larceny in an additional count. He originally pleaded not guilty. Later, over the objection of the District Attorney, the court granted said defendant's motion to withdraw his plea of not guilty and to enter a plea of guilty to the crime of petit larceny.

Both of these defendants were made parties to this proceeding, but neither has appeared. The court will not, therefore, consider the very serious question of double jeopardy which it believes could be raised should the petition herein be granted.

The challenge here is not of the County Judge's discretion, but rather of his power to accept pleas to lesser degrees of crime over the District Attorney's objections, after issue had been joined by the plea of not guilty to the charges contained in the indictments. Both the District Attorney and the County Judge are desirous of having this question settled and agree that this is the proper forum and the proceeding invoked the appropriate remedy.

I have considered the helpful briefs which were submitted by both sides to this controversy and have reached the conclusion that the responsibility for permitting the withdrawal of the plea of not guilty and the entry of the plea of guilty to a lesser crime is vested solely in the court, whether or not the District Attorney objects or under section 342-a of the Code of Criminal Procedure recommends in writing the acceptance of such a plea.

The power to accept lesser pleas and to make disposition of all or part of an indictment arises from the power of nolle prosequi. (See 22 C. J. S., Criminal Law, § 460, p. 710; 2

Bishop on New Criminal Procedure [2d ed.], §§ 1387–1396.) At common law and formerly in this State that power was vested exclusively with the prosecuting officer with no supervision on the part of the court. By the Revised Statutes (2 Rev. Stat. of N. Y. [2d ed.], part IV, ch. II, tit. IV, § 54), it was provided that the prosecuting officer could no longer nolle prosequi an indictment without leave of the court. It was held, however, that the court could not do so except upon motion or by the consent of the prosecuting officer (*People* v. *McLeod,* 1 Hill 377). Later the Commissioners on Practice and Pleadings, in drafting a Criminal Code, proposed to change the holding in the *McLeod* case by adopting provisions which are now sections 671 and 672 of the Code of Criminal Procedure. Thereby the power (of nolle prosequi) was taken entirely from the prosecutor and vested exclusively in the court (*People* v. *Willis,* 23 Misc. 568; Report of Commissioners on Practice and Pleadings, Criminal Code, December 31, 1849 [reported to Legislature in 1850], p. 343).

From all of the foregoing, it seems clear that under the power of nolle prosequi the court may, in furtherance of justice, accept pleas of guilty of lesser degrees of crime and to lower crimes than charged in the indictment, as well as to dismiss all or part of an indictment and that this power is within the exclusive province of the court and may be exercised even over the objection of the prosecuting officer. Otherwise, the latter would be exercising a power of veto over the action of the court which would indeed be a departure from the established practice. The petition is accordingly dismissed, without costs.

Submit order.