Nathan R. Sobel, J.
The complainant, in a statement read into the record, has requested that no further proceedings be had in this indictment for the reasons stated therein.
The indictment in question charges criminal libel. The indictment was returned on February 11, 1954.
I shall consider complainant’s request solely in connection with my power and duty under section 671 of the Code of Criminal Procedure. That section provides that: ‘ ‘ The court may, either upon its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed.”
It is settled that sole discretion to dismiss an indictment in the interest of justice is vested in the court. The District Attorney may join in such an application but his consent is not necessary. A study of the history of section 671 will make clear why it was decided to vest such discretion in the court and not in the District Attorney. (See Report of Comrs. on Pleading and Prac. — Code Crim. Pro., dated Dec. 31,1849, p. 343; People v. McLeod, 25 Wend. 483.)
Section 671 is a statutory enactment of the former power of nolle prosequi. The power to discontinue prosecution of a crime vested by that section in the court has little or nothing to do with the legal or factual merits of the charge. Nor is it concerned with the guilt or innocence of the defendant. Such a dismissal, is concerned, as the statute states, solely with principles of justice. (See State v. McDonald, 10 Okla. Cr. 413.)
The complainant in his statement requests that the prosecution be discontinued. He states that he did not request either the Grand Jury or the District Attorney to find this indictment nor did he consider that he had been libeled by the defendant’s statement: He adds that the statement was made by the defends ant in the heat of a labor dispute without malice toward himself *514 but for the obvious purpose of gaining advantage for his union in the negotiations.
Ordinarily a complainant in a criminal action has no right to withdraw a complaint. For it is the public, not he, who has been injured by the commission of a crime. It is, therefore, inconceivable that this court could ever dismiss a robbery or burglary prosecution at the request of a complaining witness. On the contrary, such a refusal to proceed or testify, would result inevitably in the institution of contempt proceedings against such a reluctant or recalcitrant witness.
But criminal libel is a special kind of crime. Criminal prosecutions are infrequent. The theory, in simplest terms, is that when an individual is libelled, he has an adequate remedy in a civil suit for damages. The public suffers no injury. Vindication for the individual and adequate compensation for the injury done him may be obtained as well in the civil courts. Thus the rule has always been, that the remedy of criminal prosecution should only be sought where the wrong is of so flagrant a character as to make a criminal prosecution necessary on public grounds.
This rule found its earliest expression in a quotation by Hawkins (1 Hawk. P. C., ch. 28) later adopted by Lord Colebidge in 1844. ‘1 The Court will not grant this extraordinary remedy by information, nor should a grand jury find an indictment, unless the offense be of such signal enormity that it may reasonably be construed to have a tendency to disturb the peace and harmony of the communitv. ” (Also quoted in Regina v. Labouchere, 50 L. T. N. S. 177, 181 [1884].)
As stated in Kennerly v. Hennessy (68 Fla. 138, 139): “ At common law a criminal prosecution for libel is warranted only when the alleged libel affects the public, as when it corrupts the public morals or incites to violations of the criminal law or when the necessary or natural effect of the alleged publication is to cause an injury to a person or persons of such a nature and extent as to render a breach of the peace imminent or probable.’’ (See Odgers on Libel and Slander [5th ed.], 455, 803; 1 Bishop on New Criminal Law, § 540.)
It is interesting to note that both at common law and in our very earliest statutes, criminal libel .was defined as a “ writing — calculated to create disturbances of the peace.” It was the tendency of the publication to ‘ ‘ excite individuals to the commission of breaches of the public peace, or other illegal acts,” which made it necessary to prosecute libel as a public crime. (Starkie on Slander and Libel.) Defamatory utterances and libelous statements often resulted in duels and personal and *515 family vendettas» The law was not concerned with the harm done to the individual as it was to prevent the public harm which might result from the libel.
Lord Coke says (3 Rep. 255 [Thomas & Fraser ed.]) “If it [a libel] be against a private man, it deserves a severe punishment, for although the libel be against one, yet it incites all those of the same family, kindred, or society to revenge, and so tends per consequens to quarrels and breach of the peace, and may be the cause of the shedding of blood ’ \
And in the leading case on the subject, Commonwealth v. Buckingham (2 Wheel. Cr. Cas. 181, 191-192 [Mass., 1823]). “ A citizen would be apt to consider himself justified in revenging himself on one who had maliciously defamed him, and rendered him an object of hatred, contempt or ridicule, if the society to which he belonged did not punish the offender. * * * Private revenge for injuries received is a violation of that first principle of society by which each member agrees to give up a portion of his natural rights to secure the more perfect enjoyment of the remainder. No man under the protection of the law is to be the avenger of his own wrongs.”
Heard on Libel and Slander (§ 333) puts it obliquely but to the point. “ Since it is well settled that the (criminal) law does not recognize the injury to the private right of reputation as a ground of penal restraint, but founds its prohibitions and penalties mainly, if not wholly, on the ground of protection to the public peace against those interruptions which injuries to reputation are so likely to occasion, it follows that the degree of discredit is immaterial to the essence of (criminal) libel, since the law cannot determine the degree of forbearance which a party reflected upon will exert before he is excited and provoked to acts of outrage —. ’ ’
The question why a libel is deemed a public wrong is answered simply and clearly in Commonwealth v. Clap (4 Mass. 163, 168 [1820]). “ The cause Avhy libellous publications are offenses against the state, is their direct tendency to a breach of the public peace, by provoking the parties injured, and their friends and families, to acts of revenge, Avhich it Avould not be easy to restrain, Avere offences of this kind not severely punished.”
I cite the foregoing cases and texts to indicate Avhy the crime of criminal libel is a special kind of crime. It is not per se a public offense. It was made such long, long ago solely because of its tendency to create “ disturbances of the peace ” and to 11 provoke the parties injured and their friends and families to acts of revenge.”
*516 A libel is in fact a private wrong. So, if the party injured states in open court that he never considered himself libelled or wronged, and that he does not now nor did he ever request the People of the State of New York to punish the offenders, I am justified pursuant to section 671 of the Code of Criminal Procedure and in the interest of justice to dismiss this indictment.