Hyman Barshay, J.
On February 3, 1966 I granted the defendant’s motion to dismiss the indictment charging him with the crime of abduction (N. Y. L. J., Feb. 8, 1966, p. 18, col. 1). I reach the same conclusion but on other grounds. That decision is recalled and this one is substituted.
In the Grand Jury the complainant testified that she knew the defendant for six months; on November 29,1965, they decided to get married; later that day they drove to Hagerstown, Maryland; they were married on December 2, 1965 at the Arden Methodist Church by a clergyman to whom she had given her age as 18; she did not have her parents’ permission to go to Maryland for the purpose of marrying the defendant. The *799 complainant’s father testified that she was born on February 3,1948; neither he nor his wife gave the complainant permission to go to Maryland to marry the defendant.
At the time the complainant went to Maryland with the defendant her 18th birthday was only two months away.
Section 671 of the Code of Criminal Procedure provides: ‘ ‘ The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed.”
Under the circumstances, the indictment is dismissed in furtherance of justice (§ 671).