THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IRWIN WEINER, Defendant.

Supreme Court, Special and Trial Term, New York County, December 9, 1966.

*Frank S. Hogan, District Attorney,* for plaintiff. *Albert Felix* for defendant.

MITCHELL D. SCHWEITZER, J. The Grand Jury, after hearing the evidence in this case, directed the District Attorney to file an

information in the Criminal Court of the City of New York, charging the defendant with the crime of coercion. The defendant signed a waiver of immunity and testified before that body.

The People's main witness testified that she was employed as a nurse in the office of the defendant, a licensed physician. She acknowledged that she had forged the defendant's name to various checks which had been received by her from patients for services rendered by the defendant. The witness, when confronted with the evidence of the larceny by the defendant, admitted to him that she had forged his name and had deposited the checks in her own account. She additionally expressed a desire to repay the moneys that she had stolen in installments made from her future earnings. The defendant stated that he estimated what he thought was the amount of money which his employee had stolen and directed his lawyer to have the employee sign a series of promissory notes in this amount. He based his calculation on the amount of income he would ordinarily have and the amount of debts which had accrued, and from these figures he estimated what his employee must have stolen. He was of the erroneous opinion that he was additionally entitled to his expenses of accounting and legal fees and he included those sums in the resulting total figure. While the figure is probably far in excess of the amount that the employee had taken, it is crystal clear from a reading of the Grand Jury testimony that he cannot be charged *cum animo criminale* as required by statute. The evidence before the Grand Jury shows a complete lack of the presence of criminal intent and certainly no proof was adduced to establish that factor beyond a reasonable doubt.

The People's case rests primarily upon the testimony of a dishonest employee, a confessed thief and forger, and it is highly improbable that any court would find the existence of the necessary criminal intent on the part of the defendant physician. While this court recognizes that the honest labors of a District Attorney and a Grand Jury should not be lightly set aside (*People* v. *Williams,* 140 Misc. 35), nevertheless, on the testimony adduced before the Grand Jury, this court is of the opinion that a trial in this case would be a waste of valuable court time and, in the interest and the furtherance of justice (Code Crim. Pro., § 671), it orders that the approval of the court directing that the issues be tried by the New York Criminal Court be rescinded and the information dismissed.