Mitchell D. Schweitzer, J.
On September 17, 1965, the defendant was indicted for the felonious possession of a narcotic drug with intent to sell arising solely from his possession of a quantity of marijuana (slightly in excess of one ounce) found on him by a customs agent as he was in the process of going through customs, having just arrived by ship from Southampton, England.
*657 A prepleading investigation report was submitted to the court at the request of defendant’s counsel and revealed the following: The defendant is a 20-year-old native of New Orleans, Louisiana. He was a graduate of high school with high honors and is about to graduate from Tulane University with an outstanding academic record. He has been accepted for admission at the Tulane University School of Medicine. He readily and forthrightly admitted his guilt, stating that the marijuana had been given to him by an acquaintance in Paris prior to his getting-on board the ship and that he accepted it out of pure curiosity but never actually used it. There is not the slightest suggestion by the police or anyone else that the defendant was ever engaged in the trafficking of any drug.
In this factual setting, the defendant pleaded guilty on December 16, 1966 to the unlawful possession of a narcotic drug, a misdemeanor, and was placed under the interim supervision of the Probation Department pending the imposition of sentence. At the time of the interposition of such plea, counsel stated that after a period of such interim supervision of this defendant, he intended to request the court to invoke the provision of section 671 of the Code of Criminal Procedure which authorizes a dismissal of an indictment in the furtherance of justice either on the court’s own motion or upon the application of the District Attorney.
On May 15, 1967, after five months of interim supervision of the defendant, the court was furnished with a supplemental presentence report. It stated that the defendant had been reporting regularly and was making an excellent adjustment in his native community in New Orleans. He succeeded in maintaining his excellent academic standing and was scheduled to graduate in June, 1967. It was the considered opinion of the Probation Department that the instant involvement was an isolated instance and not characteristic of his general behavior pattern. Counsel for defendant on this day formally moved for permission to withdraw the guilty plea and such motion was granted. He then requested the court to dismiss the indictment pursuant to the authority vested in the court by section 671 of the Code of Criminal Procedure. Counsel pointed out the defendant’s most exemplary moral background, his extraordinarily high academic standing, and his future plans to enter either the field of medicine or a teaching career. In either case, a conviction of this nature, if allowed to stand, might well prove to be an insurmountable impediment in the pursuit of his professional career. Decision on this motion *658 was reserved. The District Attorney has since filed an affidavit in opposition.
Section 671 of the Code of Criminal Procedure states: ‘ ‘ The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to he dismissed.”
Section 671 is, in part, a statutory enactment of the common-law right to nolle prosequi an indictment. This right which formerly vested in an Attorney-General or a District Attorney was “transferred to the court” when “section 671 of the Code of Criminal Procedure was enacted * * * in 1881.” (Matter of McDonald v. Sobel, 272 App. Div. 455, 462 affd. 297 N. Y. 679.) It is now well settled that the sole discretion to dismiss an indictment in the interest of justice rests with the court. (See People v. Quill, 11 Misc 2d 512; Matter of Silver v. Gassman, 12 Misc 2d 58, 61, affd. 6 A D 2d 694.)
Perhaps the most significant and enlightening expression of judicial opinion relating to section 671 is contained in People v. Quill (supra, p. 513): “The power to discontinue prosecution of a crime vested by that section [§ 671] in the court has little or nothing to do with the legal or factual merits of the charge. Nor is it concerned with the guilt or innocence of the defendant. Such a dismissal is concerned, as the statute states, solely with principles of justice.” (See, also, People v. Spolasco, 33 Misc. 530, 531 [“the sole question to be considered is * * * ‘ What is for the best interests of the cause of justice!’ ”].)
Viewed in its best light, the administration of criminal justice involves a balancing process. The Legislature of this State has wisely recognized this by enacting section 671. The fundamental factors weigh heavily for dismissal here. Of determinative significance is the fact that no member of the public has suffered in any way because of the defendant’s conduct.
Recently, in People v. Campbell (48 Misc 2d 798), the court took cognizance of the nature of and facts surrounding the crime by dismissing an indictment, pursuant to section 671, for abduction because the abductee had voluntarily accompanied the defendant to Maryland for the purpose of marriage, and was only two months from 18 at that time. Similarly, in People v. Quill (supra) the court dismissed an indictment for criminal libel because “ the public suffer [ed] no injury ” from the crime (p. 514).
The second factor involves the character and potential of this 20-year-old defendant to which reference has already been made at some length. In a strikingly similar factual situation, Judge Dempsey stated:
*659 “ Defendant, a college senior in a neighboring university, in a moment of panic sped away from the scene of interrogation by a police officer. The police officer was hanging on the door of the car and there were resulting injuries to the officer. * * * With an unblemished record and no prior conviction, a fair college record, a possible professional career facing the defendant, conviction on the misdemeanor charge (the indictment as rendered) would simply serve as a blot upon the future record of a defendant who had erred once in the utilization of his judgment and had simply exercised poor youthful judgment. It is to be considered that in the future course of his life he will be confronted with an error of his youth as a matter of record, that would serve no other purpose than embarrassment in the fulfillment of a planned career.
1 ‘ Recognizing that rehabilitation is a factor to be carefully considered as a part of sentencing, the Court is convinced that a sentence could serve no purpose in the disposition of this case. It could well be that this judgment of the Court will be misplaced by the future life of this defendant, as sentencing judges may often humanly be in error as to the effectiveness of sentences upon criminal convictions of defendants. The projection of the defendant’s life would seem to be favorable in the light of the information received. To facilitate the fulfilment of a degree and a career that will require constant exposure to the public surveillance, the elimination of this conviction as a matter of public record will serve the basic interests of justice.” (People v. Glaser, N. Y. L. J., Aug. 25, 1966, p. 9, col. 6.)
The criminal law is at best an imperfect instrument. Necessarily, it speaks in absolute terms and occasionally catches in its net one who, should he be convicted of an offense would suffer more grievously than justice would require, taking into consideration the nature of his offense, his background, and the possible future consequences of such conviction. Professor Donald J. Newman, in his recent book entitled “Conviction; The Determination of Guilt or Innocence Without Trial” (1966), has commented upon the laws ’ “ attempts * * * to individualize justice by taking account of the consequences of conviction for defendants who differ markedly in background and social characteristics and for whom the effects of conviction would be quite disparate” (p. 166).
The purpose of section 671 is to give a court power in appropriate but rare circumstances to allow the letter of the law gracefully and charitably to succumb to the spirit of justice. This court believes that the instant case involving as it does *660 a defendant of exceptional background and promising future and charged with a crime, conviction of which would sully the one and stifle the other, is a case crying out for the application of this most humane statutory provision.
On balance, therefore, it would appear that the interests of justice would best be furthered by a dismissal of this indictment.