Bernard Tomson, J.
This is a motion by the defendant for an order dismissing the indictment.
On June 24, 1971, defendant was indicted for the crimes of murder (Penal Law, § 125.25) and assault first degree (Penal Law, § 120.10).
The thrust of the defendant’s motion is that the People violated his basic constitutional rights and irreparably compromised his defense by reading and copying defendant’s mail while he was in the custody of the Nassau County Sheriff. Defendant contends that this violation occurred when the Sheriff’s department permitted representatives of the District Attorney’s office to review and retain copies of his mail, although he does not question the right of the Sheriff to read an inmate’s mail. “ Your deponent is not questioning, at this time, the claimed right of the sheriff’s office to read and review incoming and outgoing mail.” (Affidavit by defendant’s attorney.)
The People state that what was turned over to the District Attorney’s office was mail that defendant was sending to persons not on defendant’s approved list of correspondents.
*575 The case of Stroud v. United States (251 U. S. 15) is in point. In Stroud, the defendant was convicted of murder, first degree. Part of the evidence that was offered by the People at the trial consisted of letters written by the defendant after the homicide and while he was incarcerated in prison waiting trial. The Warden of the prison turned the letters over to the prosecution. The United States Supreme Court at pages 21-22 held: “ Certain letters were offered in evidence at the trial containing expressions tending to establish the guilt of the accused. These letters were written by him after the homicide and while he was an inmate of the penitentiary at Leavenworth. They were voluntarily written, and under the practice and discipline of the prison were turned over ultimately to the warden, who furnished them to the District Attorney. It appears that at the former trial, as well as the one which resulted in the conviction now under consideration, application was made for a return of these letters upon the ground that their seizure and use brought them within principles laid down in Weeks v. United States, 232 U. S. 383, and kindred cases. But we are unáble to discover any application of the principles laid down in those cases to the facts now before us. In this instance the letters were voluntarily written, no threat or coercion was used to obtain them, nor were they seized without process. They came into the possession of the officials of the penitentiary under established practice, reasonably designed to promote the discipline of the institution. Under such circumstances there was neither testimony required of the accused, nor unreasonable search and seizure in violation of his constitutional rights.”
Of interest is the language in ABA Project on Standards for Criminal Justice, Electronic Surveillance (§ 4.1, pp. 125 and 126) where it is stated: “ Note, moreover, that letters have always been published without consent in the criminal trial where they were otherwise lawfully obtained. See, e.g., Stroud v. United States, 251 U. S. 15 (1919); cf. Ex parte Jackson, 96 U. S. 727, 733 (1877). Rules properly rooted in a desire to protect privacy of communication between individual and individual thus must be reinterpreted in the light of other interests when they are brought into the administration of justice.”
See, also, the footnote in United States v. White (401 U. S. 745, 790 [dissenting opinion, n. 25]) which reads, referring to the above ABA project report: “ The commentary states at the outset: ‘ This standard reflects the prevailing law.’ The *576 drafters apparently take as their starting point the risk analysis approach, relying on cases holding that contents of letters may be revealed where otherwise lawfully obtained. Stroud v. United States, 251 U. S. 15 (1919); Ex parte Jackson, 96 U. S. 727, 737 (1878); see also Blakey & Hancock, A Proposed Electronic Surveillance Control Act, supra, n. 4, at 663, n. 11. The various state provisions are set forth in Greenwalt, supra, n. 4, at 207-211.”
Since Stroud (251 U. S. 15, supra), the right of prison officials to censor mail has not been denied (Lanza v. New York, 370 U. S. 139; Ortega v. Ragen, 216 F. 2d 561); although it has been limited to some extent. See Matter of Brabson v. Wilkins (19 N Y 2d 433), where the court prohibited the Warden from withholding any communication addressed to any court, any communication addressed to a Federal or State executive official concerning complaints of unlawful treatment and any communication to petitioner’s attorney with regard to the legality of detention and treatment received. For cases in accord with Brabson see Sostre v. McGinnis (442 F. 2d 178, cert. den. 404 U. S. 1049 [3/6/72]); Goodwin v. Oswald (- F. Supp. - [1972]); cf. Palmigiano v. Travisono (317 F. Supp. 776), where the court held impermissible screening of correspondence between inmates and public officials such as the President of the United States, United States Senators and Congressmen, Judges of Federal courts, the Governor of Rhode Island and the inmate’s attorney or any attorney licensed to practice, in Rhode Island. See, also, “Prison Mail Censorship and, the First Amendment” (81 Yale L. J. 87 [1971]). However, there are no United States Supreme Court or New York cases that proscribe the censorship of mail that is sent to those not on an inmate’s approved correspondence list.
No cited case would require a holding that the admitted screening of the defendant’s mail and delivery of some of it to the District Attorney was necessarily improper. The precise question here presented is whether such acts, even if they were determined to be improper, would require a dismissal of the indictment.
The defendant apparently relies on CPU 210.20 (subd. 1, par. [i]) which authorizes the dismissal of an indictment when: “Dismissal is required in the interest of justice, pursuant to section 210.40.”
CPL 210.40 (subd. 1) provides: “1. An indictment or any count thereof may be dismissed in furtherance of justice, as provided in paragraph (i) of subdivision one of section 210.20, *577 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice.”
CPL 210.40 substantially restates the provision of section 671 of the Code tif Criminal Procedure. The principal difference between section 671 of the Code of Criminal Procedure and the new CPL 210.40 is that under prior law only the District Attorney (or the court on its own motion) was authorized to move for dismissal in the interest of justice while under CPL 210.40 the defendant may also so move. The criteria under section 671 of the Code of Criminal Procedure would obviously be applicable to CPL 210.40.
The progenitor of section 671 of the Code of Criminal Procedure was the common-law power of nolle prosequi lodged in the Attorney-General and later the District Attorney. (Matter of McDonald v. Sobel, 272 App. Div. 455, affd. 297 N. Y. 679.) It is now within the court’s sole discretion to dismiss an indictment in the interest of justice. (People v. Quill, 11 Misc 2d 512.)
The application of section 671 of the Code of Criminal Procedure required consideration of two competing interests. ‘ ‘ The purpose of section 671 is to give a court power in appropriate but rare circumstances to allow the letter of the law gracefully and charitably to succumb to the spirit of justice.” (People v. Davis, 55 Misc 2d 656, 659.)
In other decisions, courts of this State have held that there may be dismissals in the interest of justice pursuant to section 671 of the Code of 'Criminal Procedure. (People v. Jayson, 31 A D 2d 551 [trial delay by the District Attorney]; People v. Campbell, 48 Misc 2d 798 [where the complainant two months shy of her 18th birthday went to another State to marry, without her parent’s permission, the charge of abduction against defendant was dismissed]; People v. Santoro, 63 N. Y. S. 2d 615 [evidence against the defendant was conceded by the prosecution to be false]; People v. Siciliano, 185 Misc. 149 [where the District Attorney and the court did not keep its “ bargain ” not to prosecute defendant under Indictment No. 2 if he pled guilty under Indictment No. 1]; People v. Davis, 55 Misc 2d 656, supra [marijuana acquired by student *578 out of curiosity]; People v. Quill, 11 Misc 2d 512, supra [where person allegedly libeled stated he never so considered the alleged act and would not seek prosecution].)
In Quill at page 513 the court said: ‘ ‘ The power to discontinue prosecution of a crime vested by that section [671] in the court has little or nothing to do with the legal or factual merits of the charge. Nor is it concerned with the guilt or innocence of the defendant. Such a dismissal, is concerned, as the statute states, solely with principles of justice.”
In sum, to grant the “ rare ” (People v. Davis, 55 Misc 2d 656, supra) relief sought by defendant, this court would be required to determine that the turning over of defendant’s mail to the District Attorney’s office (assuming arguendo that it was improper) so seriously affected the defendant’s right to a fair trial that the extraordinary relief here sought is mandated. The facts presented by defendant’s moving papers do not warrant this conclusion. The defendant has failed to show the existence of any compelling factor that would require this court to invoke its judicial discretion to dismiss the indictment in the interest of justice (GPL 210.40 [subd. 1]). Based on the foregoing, it is
Ordered that defendant’s motion is denied, and it is further
Ordered that in the interest of justice and since the People do not oppose, that copies of any letters that the People possess that were written by the defendant while defendant has been incarcerated, be furnished to defendant’s attorney within 10 days of the date hereof.