Liston F. Coon, J.
Defendant was indicted for the criminal sale of a controlled substance while a student at Columbia University. He now moves for a dismissal of the two pending indictments in the furtherance of justice (CPL 210.40) or in the alternative that this court direct that the prosecutor *131 recommend a sentence of probation pursuant to section 65.00 (subd 1, par [b]) of the Penal Law.
The evidence submitted to the court by way of argument and numerous letters presented by the defendant from personages high in the administrative hierarchy at Columbia University indicate that at the time of the alleged offenses, defendant was a popular student at Columbia, a high scholastic achiever and extremely active in athletic and other extracurricular activities. Nevertheless, he became enmeshed in certain drug-sale activities and was eventually arrested for sale of cocaine to an undercover police officer. Thereafter he offered to "cooperate” with the police and prosecution authorities, obviously with a view to obtaining possible avoidance of a mandatory prison sentence if convicted. A life-probation sentence is the sole alternative to imprisonment for one convicted of a class A drug felony under article 220 of the Penal Law.
The record shows that some effort directed at the contemplated co-operation was made but insufficient in the judgment of the District Attorney to effectuate a recommendation pursuant to CPL article 65. Defendant now seeks to force that relief.
He first seeks a dismissal of the indictment in the furtherance of justice. This power, vested in a court pursuant to CPL 210.40, is a replacement to the now deceased prosecutor’s option of nolle prosequi (People v Quinn, 11 Misc 2d 512). The purpose of this discretionary authority is to allow, but only in rare circumstances, the letter of the law to succumb to the spirit of justice (People v Davis, 55 Misc 2d 656). The court must be ever cognizant, however, that honest labors of a Grand Jury and a District Attorney should not be lightly set aside (People v Williams, 140 Misc 35).
CPL 210.40 provides that a court may dismiss an indictment or a count thereof where there exists some "compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.”
The proof in this proceeding does not persuade the court that there exists any compelling reason for dismissal. We are not dealing with a matter of possession of a controlled substance such as marijuana (cf. People v Davis, supra) but a sale of cocaine in which the transaction price was $7,000, albeit others than the defendant were involved. Giving the defendant every benefit of any doubt as to his erstwhile status as a *132 "Big Man on the Campus” at Columbia or any remorse or repentance that he might now exhibit, there is no question but that he knowingly and intelligently engaged in prohibited activities.[1] He makes no pretense of showing that he was ignorant or oblivious to the stringent provisions of the existing drug laws.
Social, economic or educational status of a defendant are specious arguments to the enforcement of our criminal laws. Recent history, particularly of the so-called Watergate era, demonstrates that persons in the highest of places are not and should not be immune from indictment and possible conviction.
Defense counsel alludes to the draconian effect of our drug laws. So be it. The punishment provisions are considered to be neither cruel nor inhuman (People v Broadie, 37 NY2d 100). One could as readily, and some do, speak the same of our capital punishment statutes. Regardless, fools rush in where angels fear to tread (Alexander Pope, Essay on Criticism, part III, L 66).
Defendant has utterly failed to establish why his case should be treated differently from the mass of other drug prosecutions now confronting the courts. Justice would in no way be furthered by now exempting him from its processes. The branch of the motion seeking to dismiss the indictment is denied.
In the alternative, defendant would have this court rule that the prosecutor be required to recommend probation as a sentence disposition of the case.
Although not specifically pleaded and requested in the motion, defendant questions in a tangential sense the constitutionality of section 65.00 of the Penal Law insofar as it pertains to the discretionary power of the District Attorney to recommend lifetime probation. That may be disposed of on present case law to the effect that the provision is not unconstitutional (People v Eason, 49 AD2d 621; People v Lofton, 81 Misc 2d 572; People v Gardner, 78 Misc 2d 744).
Absent a showing that a statute is clearly unconstitutional (Garcia v Pan Amer. Airways, 183 Misc 258, affd 269 App Div *133 287, affd 295 NY 852, cert den 329 US 741) and without doubt (People v Crane, 214 NY 154, affd 239 US 195) constitutionality should be upheld even if there is some doubt (People v McNair, 46 AD2d 476, affd 37 NY2d 100; People v Yale, 49 AD2d 167).
The specifics of section 65.00 (subd 1, par [b]) of the Penal Law provide that a court, with the approval of the Administrative Judge, may sentence a convicted A-III felon to probation if the prosecutor "either orally on the record or in a writing * * * recommends” the same. (Emphasis added.) This recommendation is bottomed on a . premise that the defendant "is providing material assistance in the investigation, apprehension or prosecution” of a person charged with a drug felony under article 220 of the Penal Law.
Admittedly the definition of "material assistance” is imprecise. That, however, the court finds irrelevant.
The legal issue is the ultimate question of whether or not there is a forthcoming recommendation by the prosecutor. We are not dealing with the discretion of a court but the discretion of a District Attorney in whom the Legislature has reposed an option.
At the threshold, one can consider the practical application of the "cooperation” provision. A defendant is charged with an offense whereby, if convicted, he must receive a life sentence. The prospect of a life sentence is ameliorated by a "carrot on a stick” if he will "cooperate” with police authorities. It is an overture and easily grasped by one who may be aboard a sinking ship. At the outset, it is entirely a matter of supposition on both sides whether or not "material assistance” can be provided. Should a defendant be permitted to enlist in such an effort and then regardless of what he may deem to be "material assistance” call the shots and get his sought-for relief? If so, he is in a position to "hold back” or end up having "cold feet” and still try to secure his "bite of the apple.” The court thinks not. It is analogous to a defendant who initially waives a right to a speedy trial and after conviction seeks to assert that right. He will not be permitted to play "fast and loose” in that situation (People v Begue, 1 AD2d 289).
A District Attorney or other prosecuting official is given considerable statutory discretion. Even at common law, the power to criminally charge and to control the same was reposed in the prosecutor (McDonald v Sobel, 272 App Div 455, affd 297 NY 679). It lies within his province to chart the *134 course of a prosecution (People v Edwards, 19 Misc 2d 412; People v Jones, 32 Misc 2d 821; People v Elfe, 34 Misc 2d 206).
Any interference with the performance of a District Attorney’s office should be sanctioned only under the most unusual and compelling circumstances (Matter of MacPherson v People, 208 Misc 423). His office is a public trust. There is a legal presumption that he will do his duty. In this confidence he has been endowed with a large discretion, the exercise of which is, in its nature, a judicial act, over which the courts have no control (People ex rel. Demarest v Fairchild, 67 NY 334).
Traditionally, efforts to mandate a District Attorney to perform or not to perform discretionary functions have failed (Matter of Leone v Fanelli, 194 Misc 826; Matter of MacPherson v People, supra; Matter of Coleman v Lee, 1 Misc 2d 685; Matter of Hassan v Magistrates' Ct of City of N. Y., 20 Misc 2d 509; Matter of Johnson v Boldman, 24 Misc 2d 592).
Wherever, by statute, a prosecutor is vested with the power to recommend specific procedures, that recommendation becomes a condition precedent to action which a court may neither by-pass nor usurp (McDonald v Sobel, supra). It therefore follows that the court cannot force the prosecutor to act against his own judgment.
In McDonald, a County Court Judge accepted a plea of guilty from a defendant to a lesser charge than alleged in the indictment over the objection of the District Attorney. Section 342-a of the Code of Criminal Procedure (now CPL 220.50, subd 4) required the consent and recommendation of the prosecutor. It was held that absent a recommendation, the court was without power to accept the reduced plea.
Even in a case of multiple defendants, a District Attorney may refuse to recommend acceptance of a lesser plea unless all the defendants do likewise (People v Henzey, 24 AD2d 764). Also, where a District Attorney is given the authority by statute to regulate a specific procedure, he may do so despite any objection by a defendant or reluctance of the court (Matter of Sovocool v David, 7 AD2d 262).
That case involved a misdemeanor information pending in the City Court of Ithaca. The District Attorney moved pursuant to section 59 of the Code of Criminal Procedure (now CPL 170.20, subd 2) to adjourn the proceedings in order that the matter might be presented to a Grand Jury. The court denied the same and the prosecutor sought to prohibit further proceedings in the City Court. Although the cited decision in *135 volved a jurisdictional issue as to the forum in which relief was sought, it stands for the proposition that the statutory provision is mandatory and it was in the unfettered discretion of the District Attorney whether or not to seek divestitute of the lower court’s jurisdiction.
In the case now before the court, the District Attorney’s determination to recommend or not to recommend is solely his. The court feels it cannot and, even on the entire merits of the case, will not interfere.
The motion is in all respects denied.

. Defendant’s motion must necessarily result in the assumption of some facts alleged in the indictment since the nature thereof is akin to a type of the former demurrer statute (Code of Criminal Procedure, § 321) where truth of allegations are impliedly, if not specifically, admitted (see People v Lo Pinto, 49 Misc 2d 997).