Fuchsberg, J. (concurring).
I unhesitantly agree with the court’s disposition of this case and with its reasoning, but I cannot join completely in the reflections on CPL 210.40 with which it concludes its opinion.
That statute constitutes the current codification of earlier enactments which expressed the need for a residuum of inherent discretion to act in the unusual case that cries out for *63 fundamental justice beyond the confines of conventional considerations of "legal or factual merits of the charge or even on the guilt or innocence of the defendant” (People v Clayton, 41 AD2d 204, 206; see, also, People v Quill, 11 Misc 2d 512; People v McLeod, 25 Wend 483; State v McDonald, 10 Okla Cr 413, 415). I might add that the case before us is an excellent example.
While a requirement for adequate expression of the reasons supporting the exercise of such discretion and appellate review to safeguard against its abuse would indeed be salutary, I believe that a prescription of "specific criteria” would tend to undermine the flexibility called for to meet the needs of the very cases in which freedom to exercise discretion is most urgently required.