■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant.—Judgment of the Supreme Court, Kings County, rendered January 13, 1976, affirmed. No opinion. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS R. SHEARIN, Respondent.—Appeal by the People from an order of the County Court, Suffolk County, dated December 24, 1975, which granted defendant's motion to dismiss the indictment, which charged him with assault in the second degree. Order reversed, on the law, and indictment reinstated. It was an improvident exercise of discretion to dismiss the indictment "in the interest of justice" (see CPL 210.40, subd 2). The authorities cited by the County Court in support of its determination, *People v Clayton* (41 AD2d 204) and *People v Davis* (55 Misc 2d 656), are inapplicable. In *Clayton* we set forth the criteria for such a dismissal; none is here present. Nor do we have a plea of guilty to a misdemeanor and a statement by the probation department, in a presentence report, that defendant is making an "excellent adjustment", or any of the other extenuating and compelling factors which were found in *Davis (supra).* Unlike *Davis,* at bar a "member of the public has suffered" because of the defendant's conduct (see *People v Davis,* 55 Misc 2d 656, 658, *supra).* Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.