OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with criminal possession of a controlled substance, second degree and criminal possession of a weapon, fourth degree (two counts), has submitted two applications. The first motion pursuant to CPL 710.20 (2) is to suppress the results of an eavesdropping warrant because of the lack of probable cause for its issuance, and the second motion pursuant to CPL 210.40 is to reduce the first count of the indictment to criminal possession of a controlled substance, fourth degree, in the interests of justice.
The second application will now be considered.
Disregarding for the moment the prosecutor’s argument that the defendant has not made a sufficient showing to warrant relief under CPL 210.40, a determination must first be made as to the power of a trial court to reduce a criminal *275 charge in the interest of justice. This request by the defendant is certainly a novel one.
CPL 210.40 evolved from the common-law power of nolle prosequi under which the prosecuting attorney, at his sole discretion, could choose not to prosecute a charge (People v Douglass, 60 NY2d 194, 201; People v Rickert, 58 NY2d 122, 126; People v Clayton, 41 AD2d 204, 206; Matter of McDonald v Sobel, 272 App Div 455, 461, affd 297 NY 679; People v Shanis, 84 Misc 2d 690, 693, affd 53 AD2d 810; People v Graydon, 69 Misc 2d 574, 577; People v Davis, 55 Misc 2d 656, 658; People v Quill, 11 Misc 2d 512, 513).
The initial history of CPL 210.40 from its common-law origin was described in People v Douglass (supra) as follows: The Legislature in 1828 enacted a statute making it unlawful for a District Attorney to enter a nolle prosequi upon any indictment without leave of the court. With the passage of Code Criminal Procedure §§ 671 and 672 in 1881, the prerogative of nolle prosequi was abolished, and the power to dismiss criminal proceedings was shifted from the prosecuting attorney to the courts. Section 671 provided that the court on its own motion or upon the application of the District Attorney and in furtherance of justice could dismiss an indictment. This was the first time that the courts of this State were given the power to dismiss a criminal proceeding on their own motions without the approval of the District Attorney.
The later history of CPL 210.40 can be traced through other cases to its present form: CPL 210.40 was legislated in 1927 at which time section 671 was broadened by granting to the defendant the power to apply for relief, as well as to the prosecutor and the court, and was refined by further describing the terms under which relief could be granted (People v Clayton, supra). In 1973 the Appellate Division, Second Department, enunciated seven criteria the trial courts should consider in entertaining applications to dismiss in the interest of justice (People v Clayton, supra). While commending the judiciary for filling the void in the statute, the Court of Appeals expressed discomfiture with the lack of specific standards in CPL 210.40 and indicated that legislative resolution was needed (People v Belge, 41 NY2d 60). The Legislature responded to that invitation in 1979 and enacted the present section by incorporating the seven guidelines promulgated in Clayton and adding three more (People v Rickert, supra).
Since CPL 210.40 originated in the common-law power of *276 nolle prosequi, the authority of this court to reduce a charge in the interest of justice depends upon the ramifications of nolle prosequi.
The legal treatises are in agreement that nolle prosequi is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further, either as to some of the counts of the indictment or as to part of a divisible count (22A CJS, Criminal Law, § 456; 21 Am Jur 2d, Criminal Law, § 512). The authority of the prosecuting attorney to declare that he would not prosecute a divisible count of a charge meant that the District Attorney possessed the power to reduce a charge (Matter of McDonald v Sobel, 187 Misc 728, 729 citing 22 CJS, Criminal Law, § 460, revd 272 App Div 455, affd 297 NY 679, supra).*
In Matter of McDonald v Sobel (supra) County Court, over the objection of the District Attorney, on its own motion reduced the charge of burglary, third degree, against one Rhodes to unlawful entry and accepted a plea of guilty to the lesser charge; it followed the same procedure by permitting one Ross, who was charged with four counts of forgery and petit larceny, to plead guilty to petit larceny. A CPLR article 78 proceeding was thereafter initiated by the District Attorney in Supreme Court, and the action of County Court was sustained. Supreme Court flatly held that "under the power of nolle prosequi the court may, in furtherance of justice, accept pleas of guilty of lesser degrees of crime and to lower crimes than charged in the indictment, as well as to dismiss all or part of an indictment and that this power is within the exclusive province of the court and may be exercised even over the objection of the prosecuting officer” (187 Misc 2d, at p 730).
This holding of Supreme Court that nolle prosequi included the power to reduce a charge was reversed by the Appellate Division, Second Department (272 App Div 455, supra), which decision was in turn affirmed by the Court of Appeals (297 NY 679, supra). That appellate court concluded that Code Criminal Procedure § 671 contained no grant of power to County Court, either express or implied, to compromise a charge in an indictment by accepting a lesser plea over the objection of the District Attorney. The court agreed that section 671 constituted a transfer of the power of nolle prosequi from the *277 prosecuting attorney to the court, but found that the power to act in respect to a lesser plea was not part of or incidental to the exercise of the power to enter a nolle prosequi upon an indictment.
Apparently the only recent decision addressing this issue is People v Gonzalez (NYLJ, July 30, 1984, p 15, col 5) which has not been reported or appealed. That trial court held that prior to the codification of People v Clayton (41 AD2d 204, supra) by CPL 210.40, the courts possessed the inherent power to dismiss charges in the interest of justice; that CPL 210.40 was not intended to restrict the inherent power of a trial court; and that under proper circumstances a court could reduce a charge in the interest of justice rather than dismiss it in the interest of justice. The court thereupon reduced two unnamed felonies to two unnamed misdemeanors and accepted pleas thereto. The contention of the prosecution that a court could only either grant a motion to dismiss in the interest of justice or deny such a motion was rejected.
While from the standpoint of a defendant, and/or a trial court, the result reached in Gonzalez (supra) may be desirable, that case cannot be deemed controlling. That court cited no authority for its conclusion that the courts possess the inherent authority to reduce a charge in the interest of justice, and that decision is inapposite to Matter of McDonald v Sobel (272 App Div 455, affd 297 NY 679, supra) which remains the law of this State.
Thus, this court lacks the power to reduce the charge of criminal possession of a controlled substance, second degree, to criminal possession of a controlled substance, fourth degree, even if the defendant were able to satisfy the 10 criteria listed in CPL 210.40.
Accordingly, the application of the defendant to reduce the second count of the indictment in the interest of justice is denied.

 This case is cited solely for the purpose of demonstrating that the two legal treatises construed that language as indicated in this decision.